UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| FRANK QUAGLIA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>BRAVO NETWORKS, NATIONAL )<br>BROADCASTING COMPANY, INC., )<br>doing business as NBC, RAINBOW )<br>PROGRAMMING HOLDINGS, INC. )<br>and DOES 1-10, )<br>)<br>Defendants. ) | Civil Action No. 0410460 GAO<br><br>**ANSWER** |

Defendants Bravo Company ("Bravo"), a New York general partnership sued incorrectly herein as "Bravo Networks," and National Broadcasting Company, Inc. ("NBC"), a Delaware corporation, (collectively, "Bravo Defendants"), as and for their Answer to the Complaint herein, state as follows:

1. The allegations in paragraph 1 of the Complaint state legal conclusions to which no responsive pleading is required, although to the extent they consist of factual allegations the same are denied. Specifically, but without limitation, although they waive objection to personal jurisdiction or venue, Bravo Defendants deny that a substantial part of the events or omissions on which the claims set forth in the Complaint are based occurred in this District, assuming such events occurred as alleged or at all. Similarly, and again without limitation, Bravo Defendants deny that they reside in this District, except to the extent they or either of them may be deemed to so reside pursuant to 28 U.S.C. § 1391(c). Bravo Defendants further deny that there are any cognizeable damages arising out of the claims in this action.

2. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1 of the Complaint, except deny that "the copyright infringements and state law claims have occurred in the District of Massachusetts."

3. Deny the allegations in paragraph 2 of the Complaint, except admit (i) that NBC is a subsidiary of General Electric Company and is a Delaware corporation; (ii) that Bravo's principal place of business has been located at 30 Rockefeller Plaza, New York, New York since in or about 2003; and (iii) that promotional information concerning Bravo has asserted that its programming is distributed to approximately 75 million homes.

4. Deny the allegations in paragraph 4 of the Complaint, except admit that Bravo was owned in part by subsidiaries of Rainbow Media Holdings LLC ("Rainbow") until November 2002, and that Rainbow's corporate office is located in Jericho, New York.

5. Deny the allegations in paragraph 5 of the Complaint, except to the extent they contain legal conclusions to which no responsive pleading is required, and except to admit that a subsidiary of NBC acquired a majority of the partnership interests in Bravo in 2002.

6. Deny the allegations in paragraph 6 of the Complaint.

7. Paragraph 7 of the Complaint contains assertions concerning as-yet-unnamed "Doe" defendants to which no responsive pleading is required, although to the extent they consist of factual allegations the same are denied.

8. Deny the allegations in paragraph 8 of the Complaint, except to the extent they contain legal conclusions to which no responsive pleading is required.

9. Deny the allegations in paragraph 9 of the Complaint, except to the extent they contain legal conclusions to which no responsive pleading is required.

10. Repeat and incorporate the responses to paragraphs 1 through 9 of the Complaint.

11. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11 of the Complaint.

12. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12 of the Complaint.

13. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13 of the Complaint, except admit that the document attached to the Complaint as Exhibit 1 purports to effect a copyright registration concerning a certain work entitled "The Ultimate Audition."

14. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14 of the Complaint.

15. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15 of the Complaint.

16. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16 of the Complaint.

17. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 17 of the Complaint, except admit that the document attached to the Complaint as Exhibit 4 purports to be a copy of a letter sent to Plaintiff by Bravo on or about April 11, 2000.

18. Deny the allegations in paragraph 18 of the Complaint, except admit that over a period of time preceding and continuing into and through 2001, Bravo oversaw the development, through an independent third-party production company, of a television series entitled "The It Factor" that was classified and described as a "Bravo Original

Production," and that began airing in January 2002 and ran for two seasons, in 2002 and 2003.

19. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 19 of the Complaint, except deny that non-party David Clair was employed at Bravo at any time, and deny that he at any time had any access to any work submitted by Plaintiff to Bravo.

20. Deny the allegations in paragraph 20 of the Complaint.

21. Deny the allegations in paragraph 21 of the Complaint.

22. Deny the allegations in paragraph 22 of the Complaint.

23. Repeat and incorporate the responses to paragraphs 1 through 22 of the Complaint.

24. Deny the allegations in paragraph 24 of the Complaint.

25. Deny the allegations in paragraph 25 of the Complaint.

26. Deny the allegations in paragraph 26 of the Complaint.

27. Deny the allegations in paragraph 27 of the Complaint.

28. Deny the allegations in paragraph 28 of the Complaint.

29. Deny the allegations in paragraph 29 of the Complaint.

30. Deny the allegations in paragraph 30 of the Complaint.

31. Repeat and incorporate the responses to paragraphs 1 through 30 of the Complaint.

32. Deny the allegations in paragraph 32 of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning Plaintiff's alleged communications with "Mary."

33. Deny the allegations in paragraph 33 of the Complaint.

34. Deny the allegations in paragraph 34 of the Complaint.

35. Deny the allegations in paragraph 35 of the Complaint.

36. Deny the allegations in paragraph 36 of the Complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

37. The Complaint fails to state a claim upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

38. The state law claims set forth in the Complaint are preempted in whole or in part by the Copyright Act of 1976, as amended, 17 U.S.C. §§ 101, *et seq.*

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

39. All of the claims in the Complaint are barred in whole or in part under the doctrine of laches.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

40. Plaintiff's Second Cause of Action is barred in whole or in part under the applicable statute of limitation.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

41. The claims in the Complaint are barred in whole or in part under the doctrines of waiver, estoppel and/or unclean hands.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

42. Assuming *arguendo* any conceptual and/or expressive similarity between Plaintiff's copyrighted work and "The It Factor," Plaintiff's claim for copyright infringement is barred under the doctrine of independent creation.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

43. Assuming *arguendo* that Plaintiff submitted any ideas to Bravo under circumstances giving rise to any express or implied duty of confidentiality or other

5

express or implied contractual duty, such ideas were not sufficiently novel to entitle Plaintiff to any legal protection for them.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

44. Upon information and belief, Plaintiff has failed to act reasonably to mitigate his alleged damages, costs and/or attorneys fees.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

45. Any and all of the acts allegedly committed by the Bravo Defendants were performed with lack of knowledge and lack of willful intent, and without malice or ill will.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

46. The injunctive relief sought by Plaintiff is barred by the First Amendment to the United States Constitution and by applicable state constitutional provisions.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

47. The injunctive relief sought by Plaintiff is barred because it is overbroad.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

48. The injunctive relief sought by Plaintiff is barred because he has an adequate remedy at law.

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

49. The injunctive relief sought by Plaintiff is barred on public policy grounds because it would harm not only the Bravo Defendants, but also third parties and members of the general public.

### AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

50. Pursuant to Rule 10(c), Bravo Defendants adopt by reference the affirmative defenses asserted by defendant Rainbow Media Holdings, LLC in its Answer, to the extent applicable to the Bravo Defendants.

WHEREFORE, Bravo Defendants pray that this Court enter Judgment dismissing the Complaint in its entirety, awarding Bravo Defendants their reasonable attorneys fees and costs pursuant to 17 U.S.C. § 505 and/or any other applicable provisions for such relief, and granting such other and further relief as the Court may deem just and proper in the circumstances.

**BRAVO COMPANY (sued herein as BRAVO NETWORK), and NATIONAL BROADCASTING COMPANY, INC.,**

By their attorneys,

Jonathan M. Albano, BBO #013850
BINGHAM DANA LLP
150 Federal Street
Boston, MA 02110
(617) 951-8000

*Of Counsel*
Daniel M. Kummer
National Broadcasting Company, Inc.
30 Rockefeller Plaza
New York, NY 10112
(212) 664-6572

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by mail-hand on 4/30/04

Dated: April 30, 2004

7