UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

---------------------------------------------------------- X
                                                           :
FRANK QUAGLIA,                                             :
                                                           :
        Plaintiff,                                       :
                                                           :     Civil Action No. 04-10460 GAO
   -against-                                              :
                                                           :     ANSWER OF DEFENDANT RAINBOW
BRAVO NETWORKS, NATIONAL                                   :     MEDIA HOLDINGS LLC (SUED HEREIN
BROADCASTING COMPANY, INC., doing                          :     AS RAINBOW PROGRAMMING
business as NBC; RAINBOW                                   :     HOLDINGS, INC.)
PROGRAMMING HOLDINGS, INC., and                            :
DOES 1-10,                                                 :
                                                           :
        Defendants.                                     :
---------------------------------------------------------- X

    Defendant Rainbow Media Holdings LLC (sued herein as Rainbow Programming Holdings, Inc.) ("Rainbow"), by its undersigned counsel, answers the Complaint of Plaintiff Frank Quaglia ("Plaintiff" or "Quaglia") in the above-captioned action as follows:

    1.    Rainbow denies the allegations of paragraph 1 of the Complaint, except admits that Plaintiff purports to bring this civil action for copyright infringement.

    2.    Rainbow denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 2 of the Complaint.

    3.    Rainbow denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 3 of the Complaint.

    4.    Rainbow denies the allegations of paragraph 4 of the Complaint, except admits that Bravo was owned in part by subsidiaries of Rainbow until November 2002, and admits that Rainbow's corporate office is located in Jericho, New York.

    5.    Rainbow denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 5 of the Complaint, except admits NBC acquired Bravo.

NY322793.3
66666666666
04/30/2004 lv

6. Rainbow denies the allegations of paragraph 6 of the Complaint.

7. Rainbow denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 7 of the Complaint.

8. Rainbow denies the allegations of paragraph 8 of the Complaint.

9. Rainbow denies the allegations of paragraph 9 of the Complaint.

10. In response to paragraph 10 of the Complaint, Rainbow repeats as if fully set forth herein its responses to the allegations contained in paragraphs 1 through 9 of the Complaint.

11. Rainbow denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 11 of the Complaint.

12. Rainbow denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 12 of the Complaint.

13. Rainbow admits the Copyright Registration Certificate attached to the Complaint as Exhibit 1 is a document that is the best evidence of its contents. To the extent the allegations of paragraph 13 of the Complaint are inconsistent with that document, Rainbow denies such allegations.

14. Rainbow denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 14 of the Complaint, except denies Kelly Devine and Caroline Kaplan were ever employees of Rainbow.

15. Rainbow denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 15 of the Complaint.

16. Rainbow denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 16 of the Complaint.

17. Rainbow denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 17 or the authenticity of Exhibits 4 or 5 of the Complaint.

18. Rainbow denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 18 of the Complaint, except denies that any episode of *The It Factor* contains the same premise or the same expression of ideas as *The Ultimate Audition*.

19. Rainbow denies the allegations of paragraph 19 of the Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegation that Bravo received a copy of *The Ultimate Audition* in 2000.

20. Rainbow denies the allegations of paragraph 20 of the Complaint.

21. Rainbow denies the allegations in sentence 1 of paragraph 21 of the Complaint, and denies knowledge or information sufficient to form a belief as to the truth of the allegations in sentence 2 of paragraph 21 of the Complaint.

22. Rainbow denies the allegations of paragraph 22 of the Complaint, except admits that Quaglia seeks an injunction against further performances of *The It Factor*.

23. In response to paragraph 23 of the Complaint, Rainbow repeats as if fully set forth herein its responses to the allegations contained in paragraphs 1 through 22 of the Complaint.

24. Rainbow denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 24 of the Complaint.

25. Rainbow denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 25 of the Complaint.

26. Rainbow denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 26 of the Complaint.

27. Rainbow denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 27 of the Complaint.

28. Rainbow denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 28 of the Complaint.

29. Rainbow denies the allegations of paragraph 29 of the Complaint.

30. Rainbow denies the allegations of paragraph 30 of the Complaint.

31. In response to paragraph 31 of the Complaint, Rainbow repeats as if fully set forth herein its responses to the allegations contained in paragraphs 1 through 30 of the Complaint.

32. Rainbow denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 32 of the Complaint.

33. Rainbow denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 33 of the Complaint.

34. Rainbow denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 34 of the Complaint.

35. Rainbow denies the allegations of paragraph 35 of the Complaint.

36. Rainbow denies the allegations of paragraph 36 of the Complaint.

## FIRST AFFIRMATIVE DEFENSE

37. Plaintiff's claims should be dismissed because the Court lacks personal jurisdiction over Rainbow.

## SECOND AFFIRMATIVE DEFENSE

38. Plaintiff's claims should be dismissed because venue does not properly lie in the District of Massachusetts.

### THIRD AFFIRMATIVE DEFENSE

39. Plaintiff's claims should be dismissed for forum non conveniens.

### FOURTH AFFIRMATIVE DEFENSE

40. The Complaint fails to state a claim upon which relief can be granted.

### FIFTH AFFIRMATIVE DEFENSE

41. Plaintiff's claims are barred on the ground that Plaintiff is neither the owner nor the author of virtually all of the dialogue in *The Ultimate Audition* because it was not scripted, but consisted entirely of extemporaneous dialogue among third parties.

### SIX AFFIRMATIVE DEFENSE

42. Plaintiff's claims are barred because *The It Factor* was created independently of *The Ultimate Audition*.

### SEVENTH AFFIRMATIVE DEFENSE

43. Plaintiff's claims are barred, in whole or in part, by the copyright doctrine of *de minimis* use.

### EIGHTH AFFIRMATIVE DEFENSE

44. Plaintiff's claims are barred, in whole or in part, by the doctrine of laches.

### NINTH AFFIRMATIVE DEFENSE

45. Plaintiff's state law claims are preempted by the Copyright Act of 1976, 17 U.S.C. § 101 *et seq.*

### TENTH AFFIRMATIVE DEFENSE

46. Plaintiff's state law claims are barred, in whole or in part, by the statute of frauds.

WHEREFORE, Rainbow respectfully prays for the following relief:

A. That the Court enter a judgment dismissing the complaint in its entirety with prejudice;

B. That the Court award Rainbow's costs, including reasonable attorneys' fees, incurred in defending this action; and

C. That the Court award Rainbow such other and further relief as the Court deems just and proper.

RAINBOW MEDIA HOLDINGS LLC (sued herein as RAINBOW PROGRAMMING HOLDINGS, INC.)

By its attorneys,

_/s/ Jonathan M. Albano_
Jonathan M. Albano, BBO #013850
**BINGHAM MCCUTCHEN**
150 Federal Street
Boston, Massachusetts 02110
(617) 951-8000

*Of Counsel*:

Barry S. Slotnick
Laura M. Vasey
**LOEB & LOEB LLP**
345 Park Avenue
New York, New York 10154
(212) 407-4000

Dated: April 30, 2004

### CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorney of record for each party by First-Class Mail on April 30, 2004.

_/s/ Jonathan M. Albano_
Jonathan M. Albano