UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE

2004 MAY 26  P 4: 52

U.S. DISTRICT COURT
DISTRICT OF MASS.

| | |
|---|---|
| FRANK QUAGLIA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>BRAVO NETWORKS, NATIONAL )<br>BROADCASTING COMPANY, INC., )<br>doing business as NBC, RAINBOW )<br>PROGRAMMING HOLDINGS, INC. )<br>and DOES 1-10, )<br>)<br>Defendants. ) | Civil Action No. 0410460 RWZ |

### JOINT STATEMENT FOR LOCAL RULE 16.1 CONFERENCE

I.   **DISCOVERY PLAN**

Plaintiff proposes the following discovery plan:

A.   On or before **June 25, 2004**: Exchange of initial disclosures and disclosed.

B.   On or before **November 1, 2004**: All written discovery and depositions of parties and fact witnesses

C.   On or before **November 15, 2004**: Expert disclosures.

D.   On or before **December 13, 2004**: Expert discovery.

The Defendants propose the following discovery plan:

A.   On or before **June 25, 2004**: Exchange of initial disclosures and disclosed.

B.   On or before **July 9, 2004**: Interrogatories and document requests served.

C.   On or before **August 20, 2004**: Responses to interrogatories and document requests due, with documents to be produced by.

D. On or before **September 8, 2004**: Request for Admissions served.

E. On or before **October 8, 2004**: Responses to Request for Admissions.

F. On or before **December 1, 2004**: Depositions of parties and fact witnesses completed and related supplemental document requests, if any, issued.

G. On or before **December 15, 2004**: Designation of expert witnesses and related disclosures made.

H. On or before **January 31, 2004**: Expert witness depositions (if any) completed.

II. PROPOSED SCHEDULE FOR FILING MOTIONS

Plaintiffs propose the following motion schedule:

A. Dispositive motions filed by **January 10, 2005**.

B. **Opposition** to any motion filed by **February 10, 2005** or within 30 days of motion

C. **Reply** (if permitted) filed **within 12 days of opposition.**

Defendants propose the following motion schedule:

A. Dispositive motions filed by **March 2, 2005**.

B. **Opposition** to any motion filed by **April 1, 2005** or within 30 days of motion

C. **Reply** (if permitted) filed by **April 22, 2005, or within 21 days of opposition**

III. PRETRIAL CONFERENCE

Plaintiff proposes a final pretrial conference in **April, 2005**.

Defendants propose a final pretrial conference in **July, 2005**.

IV. CERTIFICATIONS OF COUNSEL AND PARTIES

Certifications (or copies thereof) are attached.

V.  OTHER MATTERS

Proposed agenda for the June 2, 2004, conference:

A. Review of foregoing discovery plan and establishment of schedule.

B. The parties have not consented to trial by a Magistrate Judge.

C. Defendants' proposal to limit discovery pending resolution of an early summary judgment motion that would dispose of the case. Pursuant to Local Rule 16.1(d)(1)(b), Defendants proposed to Plaintiff a phased discovery plan that would allow for early adjudication of the dispositive issue of "substantial similarity" between the plaintiff's work "The Ultimate Audition" and defendant Bravo's work "The It Factor," as well as dispositive legal issues relating to Plaintiff's state law claims. Plaintiff was unwilling to entertain any such proposal. Nonetheless, Defendants continue to believe that the substantial similarity issue may well become ripe for summary adjudication before discovery has been completed. Defendants therefore propose that the Court direct at this time that:

(a) Plaintiff provide expert disclosures relating to the substantial similarity issue at a date earlier than that provided above, and thereafter make any identified expert available for deposition on appropriate notice; and

(b) Defendants shall have leave to make a summary judgment motion before completion of discovery as to that issue and any other fully dispositive legal issues relating to any of the claims. Upon the making of such motion, all remaining discovery unrelated to the issue of substantial similarity would be stayed pending the Court's ruling on the motion.

Plaintiff's Response To Defendants' Request To Limit Discovery:

Defendants propose that discovery be conducted in phases stating that they wish to bring dispositive motions that would otherwise preclude the case going forward, including to bring a summary judgment motion on the issue of substantial similarity in a copyright context. Plaintiff has pled, alternatively, a breach of implied contract case. Defendants suggest they will claim preemption. Plaintiff disagrees that this is a viable defense, but indicated that there is no need to wait any time; defendants are free to file their motions whenever they want, but Plaintiff should not be hampered in presenting his case. Plaintiff views Defendants' attempt to limit discovery as being one of procedural gamesmanship and stalling.

We note that taking the deposition of the alleged creator of the show, most likely will reveal similarities between the two shows at issue as well as the origin of the idea that is the basis of both shows.

Plaintiff is ready and intends to commence discovery now

D. Present prospects for settlement.

Respectfully submitted,

FRANK QUAGLIA,

By his attorneys,

*/s/ Chris Winton Henderson (by Jmа)*
CHRIS WINTON HENDERSON
(BBO No. 655321)
57 Wharf Street
Suite No. 3A
Salem, Massachusetts 01970
(978) 741-4646
(978) 740-8880 (fax)

*Of Counsel*
Neville L. Johnson
Douglas L. Johnson
JOHNSON & RISHWAIN LLP
12121 Wilshire Blvd.
Suite 1201
Los Angeles, California 90025-1175
(310) 826-2410
(310) 826-5450 (fax)

Date: May 26, 2004

BRAVO COMPANY (sued herein as BRAVO NETWORK), NBC UNIVERSAL, INC. (sued herein as NATIONAL BROADCASTING COMPANY, INC.), and RAINBOW MEDIA HOLDINGS LLC (sued herein as RAINBOW PROGRAMMING HOLDINGS, INC.)

By their attorneys,

BINGHAM MCCUTCHEN LLP

*/s/ Jonathan M. Albano*
Jonathan M. Albano, BBO #013850
150 Federal Street
Boston, MA 02110
617-951-8000

*Of Counsel*
Daniel M. Kummer
NBC UNIVERSAL, INC.
30 Rockefeller Plaza
New York, NY 10112
Attorney for Bravo Company
and NBC Universal, Inc.

Barry S. Slotnick
Laura M. Vasey
LOEB & LOEB LLP
345 Park Avenue
New York, New York 10154
(212) 407-4000
Attorneys for Rainbow
Media Holdings LLC