# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| FRANK QUAGLIA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 0410460 GAO |
| | ) | |
| BRAVO NETWORKS, NATIONAL | ) | |
| BROADCASTING COMPANY, INC., | ) | |
| doing business as NBC, RAINBOW | ) | |
| PROGRAMMING HOLDINGS, INC. | ) | |
| and DOES 1-10, | ) | |
| | ) | |
| Defendants. | ) | |

## JOINT STATEMENT FOR LOCAL RULE 16.1 CONFERENCE

### I.    DISCOVERY PLAN

The Defendants propose the following discovery plan:

A.    On or before **June 25, 2004**:  Exchange of initial disclosures and disclosed.

B.    On or before **July 9, 2004**:  Interrogatories and document requests served.

C.    On or before **August 20, 2004**: Responses to interrogatories and document requests due, with documents to be produced by.

D.    On or before **September 8, 2004**:  Request for Admissions served.

E.    On or before **October 8, 2004**:  Responses to Request for Admissions.

F.    On or before **December 1, 2004**:  Depositions of parties and fact witnesses completed and related supplemental document requests, if any, issued.

G.    On or before **December 15, 2004**:  Designation of expert witnesses and related disclosures made.

H.    On or before **January 31, 2004**:  Expert witness depositions (if any) completed.

[Plaintiff's Plan to be inserted]

II.    PROPOSED SCHEDULE FOR FILING MOTIONS

Defendants propose the following motion schedule:

A.    Dispositive motions filed by **March 2, 2005**.

B.    **Opposition** to any motion filed by **April 1, 2005** or within 30 days of motion

C.    **Reply** (if permitted) filed by **April 22, 2005, or within 21 days of opposition**

[Plaintiff's schedule to be inserted]

III.    PRETRIAL CONFERENCE

Plaintiff proposes a final pretrial conference in February, **2005**.

Defendants propose a final pretrial conference in **July, 2005**.

IV.    CERTIFICATIONS OF COUNSEL AND PARTIES

Certifications (or copies thereof) are attached.

V.    OTHER MATTERS

Defendants' Proposed agenda for the June 2, 2004, conference:

A.    Review of foregoing discovery plan and establishment of schedule.

B.    The parties have not consented to trial by a Magistrate Judge.

C.    Defendants' proposal to limit discovery pending resolution of an early summary judgment motion that would dispose of the case.  Pursuant to Local Rule 16.1(d)(1)(b), Defendants proposed to Plaintiff a phased discovery plan that would allow for early adjudication of the dispositive issue of "substantial similarity" between the plaintiff's work "The Ultimate Audition" and defendant Bravo's work "The It Factor," as well as dispositive legal issues relating to Plaintiff's state law claims.  Plaintiff was unwilling to entertain any such proposal.  Nonetheless, Defendants continue to believe that the substantial similarity issue may well become

ripe for summary adjudication before discovery has been completed.
Defendants therefore propose that the Court direct at this time that:

    (a)    Plaintiff provide expert disclosures relating to the
substantial similarity issue at a date earlier than that
provided above, and thereafter make any identified expert
available for deposition on appropriate notice; and

    (b)    Defendants shall have leave to make a summary
judgment motion before completion of discovery as to
that issue and any other fully dispositive legal issues
relating to any of the claims.  Upon the making of such
motion, all remaining discovery unrelated to the issue of
substantial similarity would be stayed pending the
Court's ruling on the motion.

D.  Present prospects for settlement.


Respectfully submitted,

FRANK QUAGLIA,

By his attorneys,

_____
CHRIS WINTON HENDERSON
(BBO No. 655321)
57 Wharf Street
Suite No. 3A
Salem, Massachusetts 01970
(978) 741-4646
(978) 740-8880 (fax)


*Of Counsel*
Neville L. Johnson
Douglas L. Johnson
JOHNSON & RISHWAIN LLP
12121 Wilshire Blvd.
Suite 1201
Los Angeles, California 90025-1175
(310) 826-2410
(310) 826-5450 (fax)

Date:  May 25, 2004

BRAVO COMPANY (sued herein as
BRAVO NETWORK), NBC
UNIVERSAL, INC. (sued herein as
NATIONAL BROADCASTING
COMPANY, INC.), and RAINBOW
MEDIA HOLDINGS LLC (sued herein as
RAINBOW PROGRAMMING
HOLDINGS, INC.)

By their attorneys,

BINGHAM MCCUTCHEN LLP


_____
Jonathan M. Albano, BBO #013850
150 Federal Street
Boston, MA 02110
617-951-8000

*Of Counsel*
Daniel M. Kummer
NBC UNIVERSAL, INC.
30 Rockefeller Plaza
New York, NY 10112
Attorney for Bravo Company
and NBC Universal, Inc.

Barry S. Slotnick
Laura M. Vasey
LOEB & LOEB LLP
345 Park Avenue
New York, New York 10154
(212) 407-4000
Attorneys for Rainbow
Media Holdings LLC


Date: May 25, 2004

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FRANK QUAGLIA,
                              )
                    Plaintiff,     )
                              )
          v.                  )       CIVIL ACTION
                              )       NO. 04-10460-RWZ
BRAVO NETWORKS, ET AL.,        )
                    Defendant.    )
                              )

## LOCAL RULE 16.1(D)(3) CERTIFICATION

Pursuant to Local Rule 16.1(D)(3), defendant Rainbow Media Holdings LLC ("Rainbow") (incorrectly sued herein as "Rainbow Programming Holdings, Inc.") certifies as follows:

Rainbow has conferred with its outside counsel with a view towards establishing a budget for the costs of conducting the full course, and various alternative courses, of the litigation and to consider the use of alternative dispute resolution programs such as those outlined in Local Rule 16.4 (such as the use of a mini-trial, a summary jury trial, or mediation).

**RAINBOW MEDIA HOLDINGS LLC**

By: _____
     David A. Deitch
     General Counsel & Senior Vice President, Business Affairs

By: _____
      Barry S. Slotnick
      Laura M. Vasey
      LOEB & LOEB LLP
      345 Park Avenue
      New York, N.Y.
      (212) 407-4000

By: _____
      Jonathan M. Albano
      BBO ##013850
      BINGHAM MCCUTCHEN LLP
      150 Federal Street
      Boston, MA  02110-1726
      (617) 951-8000

### CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorneys of record for each other party by mail on May 25, 2004.

_____
Jonathan M. Albano

-2-

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FRANK QUAGLIA,                       )
                                     )
                    Plaintiff,       )
                                     )
            v.                       )      CIVIL ACTION
                                     )      NO.  04-10460-RWZ
                                     )
BRAVO NETWORKS, ET AL.,              )
                    Defendant.       )
                                     )

## LOCAL RULE 16.1(D)(3) CERTIFICATION

Pursuant to Local Rule 16.1(D)(3), defendants Bravo Company ("Bravo") (incorrectly sued herein as "Bravo Networks") and NBC Universal, Inc. (sued herein as National Broadcasting Company, Inc.) ("NBC"), certify as follows:

Bravo and NBC have conferred with their outside counsel with a view towards establishing a budget for the costs of conducting the full course, and various alternative courses, of the litigation and to consider the use of alternative dispute resolution programs such as those outlined in Local Rule 16.4 (such as the use of a mini-trial, a summary jury trial, or mediation).

**BRAVO COMPANY AND**
**NATIONAL BROADCASTING COMPANY, INC.**
**(n/k/a NBC Universal, Inc.)**

By: _____
       Daniel M. Kummer
       Vice President, Litigation
       NBC Universal, Inc.
       30 Rockefeller Center
       New York, N.Y. 10112
       (212) 664-4017

_Jonathan M. Albano_

Jonathan M. Albano
BBO ##013850
BINGHAM MCCUTCHEN LLP
150 Federal Street
Boston, MA  02110-1726
(617) 951-8000

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorneys of record for each other party by mail on May 25, 2004.

_Jonathan M. Albano_

Jonathan M. Albano

-2-