UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

-----------------------------------------------------------X
                                                           :
FRANK QUAGLIA,                                             :
                                                           :
        Plaintiff,                                        :
                                                           :
        -against-                                        :   Civil Action No. 04-10460 RWZ
                                                           :
BRAVO NETWORKS, NATIONAL                                   :   **DEFENDANT RAINBOW MEDIA**
BROADCASTING COMPANY, INC., doing                          :   **HOLDINGS LLC'S RESPONSE TO**
business as NBC; RAINBOW                                   :   **PLAINTIFF'S MOTION TO COMPEL**
PROGRAMMING HOLDINGS, INC., and                            :
DOES 1-10,                                                 :
                                                           :
        Defendants.                                       :
-----------------------------------------------------------X

    Defendant Rainbow Media Holdings LLC, sued herein as Rainbow Programming Holdings, Inc. ("Rainbow"), by its undersigned counsel and pursuant to Local Rule 37.1, hereby responds to Plaintiff's Motion to Compel the production of certain documents and videotapes relating to the Bravo series, *The It Factor*. Plaintiff's demands and Rainbow's responses thereto are set forth below.[1]

**I.    Rainbow Has No Documents Showing Revenues Specific to *The It Factor*.**

    Plaintiff demands full disclosure of any documents showing revenue generated by *The It Factor* series from commercial advertising sales, product placement, merchandising, or any other source. Specifically, Plaintiff requests:

    a.    All statements and analyses for all profits and losses for *The It Factor* television series from 2000 to the present.

---

[1] We note for the record that fact discovery closed in this action on January 31, 2005.

    b.    All documents relating to net profits for *The It Factor*, including books, ledgers, and quarterly and annual financials from 2000 to the present.

    c.    All internal, external, and certified audits and associated work papers for *The It Factor* from 2000 to the present.

Plaintiff's counsel propounded similar requests in this action, and Rainbow timely responded. *See* Rainbow's Responses and Objections to Plaintiff's First Request and First Supplemental Request for Production of Documents ("Rainbow's Responses to Document Requests"), Nos. 4, 5, 12 and 18 and Rainbow's Objections and Responses to Plaintiff's First Set of Interrogatories, Nos. 15, 16, 18 and 19, attached to Laura Vasey's Declaration ("Vasey Declaration") hereto as Exhibits 1 and 2, respectively. With respect to Plaintiff's request for documents reflecting revenues generated by *The It Factor* series, Rainbow stated that it had no responsive documents. *See, e.g.*, Rainbow's Responses to Document Requests, No. 5 at 7 ("Rainbow has no documents responsive to this Request and does not maintain records that would identify net profits on a program-by-program basis.").

Until December 5, 2002, Bravo was owned in part by subsidiaries of Rainbow. Rainbow, as the parent company of the general partners of Bravo, provided legal, financial and other corporate management services to Bravo. During the period of time that Rainbow had an ownership interest in Bravo, Bravo generally did not track revenue, profits or losses on a program-by-program basis, and generally accepted accounting principles did not require Bravo to do so. Bravo generally did not sell advertising time for specific programs, other than special productions/events and occasional sponsorships. Rather, Bravo sold advertising time for specific "day parts," such as prime time, usually for a specific period of time. Consequently, Rainbow does not have documents that are responsive to Plaintiff's requests, and can neither produce documents nor respond to an interrogatory based upon Rainbow's books and records.

However, Rainbow will attempt to establish some rational allocation of Bravo's advertising revenue to *The It Factor*. It is important for the Court to note that any such analysis will be, at best, an estimate not within generally accepted accounting principles. Rainbow will produce its calculations and any supporting documents on or before June 24, 2005.

II. **Rainbow Will Have the Raw Video Footage from *The It Factor* Copied at Plaintiff's Expense.**

Plaintiff demands that Defendants produce "[a]ll raw video footage (unedited) taken for the NYC premiere episode of *The It Factor*" in VHS format, at their own expense "due to their obstruction." These tapes have been available for Plaintiff's inspection and copying since September 2004.

By letter dated September 30, 2004, Rainbow's counsel, Laura M. Vasey, made available for Plaintiff's inspection the video footage (over 100 Beta tapes) taken by Zanzibar Productions, Inc. ("Zanzibar") for the first season of *The It Factor*.[2] Ms. Vasey stated, however, that she did not have equipment necessary to view the tapes.[3] (A true and correct copy of Ms. Vasey's September 30, 2004 letter is attached as Exhibit 3 to the Vasey Declaration hereto.) Plaintiff's motion to compel is the first time Plaintiff has requested that any of the Beta tapes be delivered to a service for copying onto VHS tapes. Plaintiff's assertion of "obstruction" by Defendants thus is without merit.

The expense of any copying should be borne by Plaintiff, as Rule 34 of the Federal Rules of Civil Procedure requires only that the tapes be made available for Plaintiff's inspection and copying, and Defendants complied with that requirement in September 2004. *See* Fed. R. Civ. P.

---

[2] Zanzibar pitched *The It Factor* to Bravo and produced the series.
[3] Beta tapes are the size of microcassette tapes.

34(a) and (b). Furthermore, Defendants have no intention of converting Zanzibar's Beta tapes to VHS format for their own use and, thus, would not incur this expense but for Plaintiff's request.

Rainbow's counsel will deliver the video footage to DuArt for copying at Plaintiff's expense as soon as the tapes have been indexed, but in no event later than Friday, June 17, 2005.

### III.    Rainbow will produce a VHS copy of the first two episodes of *The It Factor*.

Plaintiff requests a copy of episodes 1 and 2 of *The It Factor*. Rainbow's counsel understands that NBC will provide Mr. Quaglia with a VHS copy of these episodes.

### IV.    Rainbow Has Not Found "Laura Pierce's 2000 Program Submission Log – Bravo."

Plaintiff requests "Laura Pierce's 2000 Program Submission Log – Bravo." Rainbow does not know whether Ms. Pierce created a 2000 program submission log and, despite its diligent search, has been unable to find this log.

Respectfully submitted,

**RAINBOW MEDIA HOLDINGS LLC (sued herein as RAINBOW PROGRAMMING HOLDINGS, INC.)**

By its attorneys,

Barry I. Slotnick (Admitted *pro hac vice*)
Laura M. Vasey (Admitted *pro hac vice*)
**LOEB & LOEB LLP**
345 Park Avenue
New York, New York 10154
(212) 407-4000

Jonathan M. Albano, BBO #013850
**BINGHAM MCCUTCHEN**
150 Federal Street
Boston, Massachusetts 02110
(617) 951-8000

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by mail-hand on 6/14/05

Dated: June 14, 2005