**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

------------------------------------------------------- X

FRANK QUAGLIA,

Plaintiff,

-against-

BRAVO NETWORKS, NATIONAL BROADCASTING COMPANY, INC., doing business as NBC; RAINBOW PROGRAMMING HOLDINGS, INC., and DOES 1-10,

Defendants.

------------------------------------------------------- X

Civil Action No. 04-10460 RWZ

**RAINBOW MEDIA HOLDINGS LLC'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIRST REQUEST AND FIRST SUPPLEMENT REQUEST FOR PRODUCTION OF DOCUMENTS**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, defendant Rainbow Media Holdings LLC ("Rainbow"), by and through its attorneys, Loeb & Loeb LLP, hereby objects and responds to Plaintiff's First Request and First Supplemental Request for Production of Documents to Rainbow Media Holdings LLC, dated July 13, 2004 and July 27, 2004, respectively, (the "Document Requests"), as follows:

## GENERAL OBJECTIONS

1. Rainbow objects to each Document Request to the extent it calls for or could be construed to call for the production of documents or information that is privileged from disclosure under the attorney-client privilege, the attorney work product doctrine or related doctrines. Inadvertent disclosure or production of any privileged information or document otherwise immune from discovery shall not be deemed a waiver of any applicable privilege or work product protection.

2. Rainbow objects to each Document Request to the extent it seeks information or documents that are proprietary or confidential.

3. Rainbow objects to each Document Request to the extent it calls for or could be construed to call for any information generated by or at the direction of Rainbow's counsel subsequent to the filing of the complaint in this action.

4. Rainbow objects to each Document Request to the extent it seeks information beyond the scope permitted by the Federal Rules of Civil Procedure, the Local Civil Rules of this District, and applicable case law.

5. Rainbow objects to each Document Request to the extent it seeks information that (a) is obtainable from some other source that is more convenient, less burdensome, or less expensive; and (b) is already in plaintiff's possession, custody, or control.

6. Rainbow objects to each Document Request to the extent it imposes an undue burden or expense upon Rainbow and imposes upon Rainbow obligations greater than those authorized by the Federal Rules of Civil Procedure and the Local Civil Rules of this District.

7. Rainbow objects to each Document Request to the extent it seeks information that is not reasonably calculated to lead to the discovery of relevant, material, or admissible evidence.

8. The responses made herein shall not constitute a waiver of any objection by Rainbow to the competence, relevancy, materiality, privilege, or admissibility of any of the Document Requests, responses, documents or things, or the content or subject matter of any of them.

9. Rainbow objects to the Document Requests to the extent they seek information or documents outside Rainbow's possession, custody or control.

10. Rainbow's factual investigation and discovery of information and documents relating to the allegations in the complaint is continuing in nature. Rainbow's responses herein are based only upon Rainbow's current knowledge and reasonable belief. Rainbow reserves the right to modify and/or supplement its responses if in the course of this action it becomes aware of information which is called for by the Document Requests but was not known or available at the time these responses were made.

11. Rainbow objects to the Document Requests to the extent that they are vague, ambiguous and overly broad and therefore require Rainbow, to the best of its ability, to make a subjective determination as to what information or documents are being sought.

12. Rainbow's responses and objections to the Document Requests are not, are not intended to be and shall not be deemed an admission of the matters stated, implied or assumed by any or all of the Interrogatories.

13. Rainbow objects to the Document Requests on the grounds that the definition of Rainbow Media Holdings LLC is overly broad and unduly burdensome to the extent it seeks information from Rainbow's parents, subsidiaries, affiliates' predecessors in interest, and successors.

Each of the foregoing General Objections is incorporated in each of the responses hereinafter set forth. Subject to and without waiving such objections, Rainbow responds as follows:

## SPECIFIC OBJECTIONS AND RESPONSES

**Request No. 1**:

All documents relating to the creation, filming, production and editing of ***The It Factor***, including scripts and production notes and any communications with creative and/or technical and production personnel.

**Response to Request No. 1**:

Rainbow objects to this Document Request because it seeks to confuse and blur the distinctions between Rainbow and Bravo. Until December 5, 2002, Bravo was owned in part by subsidiaries of Rainbow. Rainbow, as the parent company of the general partners of Bravo, provided legal, financial and other corporate management services to Bravo. But Rainbow was not involved in, and had no knowledge of or supervision over, the day-to-day decisions of Bravo regarding the production or development of its original programming.

Subject to and without waiving the foregoing objection and the General Objections, Rainbow responds as follows:

Debbie De Montreaux, the former Executive Producer of *The It Factor*, who is presently employed by The Independent Film Channel LLC, a Rainbow subsidiary, has provided Rainbow with her personal file relating to *The It Factor*. Rainbow will produce any responsive documents contained in Ms. De Montreaux's file or otherwise in Rainbow's possession, custody or control.

**Request No. 2**:

All producer, writer, and production company agreements for ***The It Factor***.

**Response to Request No. 2**:

Rainbow objects to this Document Request because it seeks to confuse and blur the distinctions between Rainbow and Bravo. Until December 5, 2002, Bravo was owned in part by

subsidiaries of Rainbow. Rainbow, as the parent company of the general partners of Bravo, provided legal, financial and other corporate management services to Bravo. But Rainbow was not involved in, and had no knowledge of or supervision over, the day-to-day decisions of Bravo regarding the production or development of its original programming. Rainbow further objects to this Request as overly broad to the extent it seeks drafts of any producer, writer or production company agreements, which are neither relevant to this action nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing objections and the General Objections, Rainbow responds as follows:

Debbie De Montreaux, the former Executive Producer of *The It Factor*, who is presently employed by The Independent Film Channel LLC, a Rainbow subsidiary, has provided Rainbow with her personal file relating to *The It Factor*. Rainbow will produce any responsive documents contained in Ms. De Montreaux's file or otherwise in Rainbow's possession, custody or control.

**Request No. 3**:

All documents exchanged between or reflecting communications between Rainbow and all persons who appeared in or received credit for ***The It Factor*** as producers, writers or creators, including all contracts and assignments of copyright.

**Response to Request No. 3**:

Rainbow objects to this Document Request because it seeks to confuse and blur the distinctions between Rainbow and Bravo. Until December 5, 2002, Bravo was owned in part by subsidiaries of Rainbow. Rainbow, as the parent company of the general partners of Bravo, provided legal, financial and other corporate management services to Bravo. But Rainbow was

not involved in, and had no knowledge of or supervision over, the day-to-day decisions of Bravo regarding the production or development of its original programming.

Rainbow objects to this Request as overly broad to the extent it seeks drafts of any producer, writer or production company agreements, which are neither relevant to this action nor reasonably likely to lead to the discovery of admissible evidence. Rainbow further objects to this Request on the ground that it is not limited to communications regarding *The It Factor*.

Subject to and without waiving the foregoing objections and the General Objections, Rainbow states that it has no documents responsive to this Request.

**Request No. 4**:

All statements and analysis for all profits and losses for ***The It Factor***.

**Response to Request No. 4**:

Rainbow objects to this Document Request because it seeks to confuse and blur the distinctions between Rainbow and Bravo. Until December 5, 2002, Bravo was owned in part by subsidiaries of Rainbow. Rainbow, as the parent company of the general partners of Bravo, provided legal, financial and other corporate management services to Bravo. But Rainbow was not involved in, and had no knowledge of or supervision over, the day-to-day decisions of Bravo regarding the production or development of its original programming. Rainbow further objects to this Document Request on the grounds that it is overly broad and unduly burdensome.

Subject to and without waiving the foregoing objections and the General Objections, Rainbow has no documents responsive to this Request.

**Request No. 5**:

All documents relating to net profits for ***The It Factor***, including books and ledgers, and quarterly and annual financials.

**Response to Request No. 5:**

Rainbow objects to this Document Request because it seeks to confuse and blur the distinctions between Rainbow and Bravo. Until December 5, 2002, Bravo was owned in part by subsidiaries of Rainbow. Rainbow, as the parent company of the general partners of Bravo, provided legal, financial and other corporate management services to Bravo. But Rainbow was not involved in, and had no knowledge of or supervision over, the day-to-day decisions of Bravo regarding the production or development of its original programming. Rainbow further objects to this Request on the grounds that it is vague, overly broad and unduly burdensome.

Subject to and without waiving the foregoing objections and the General Objections, Rainbow has no documents responsive to this Request and does not maintain records that would identify net profits on a program-by-program basis.

**Request No. 6:**

All documents regarding distribution agreements for ***The It Factor.***

**Response to Request No. 6:**

Rainbow objects to this Document Request because it seeks to confuse and blur the distinctions between Rainbow and Bravo. Until December 5, 2002, Bravo was owned in part by subsidiaries of Rainbow. Rainbow, as the parent company of the general partners of Bravo, provided legal, financial and other corporate management services to Bravo. But Rainbow was not involved in, and had no knowledge of or supervision over, the day-to-day decisions of Bravo regarding the production or development of its original programming. Rainbow further objects to this Document Request on the grounds that it is overly broad and unduly burdensome.

Subject to and without waiving the foregoing objections and the General Objections, Rainbow has no documents responsive to this Request.

**Request No. 7**:

All documents indicating monies paid to Zanzibar, and any executives thereat.

**Response to Request No. 7**:

Rainbow objects to this Document Request because it seeks to confuse and blur the distinctions between Rainbow and Bravo. Until December 5, 2002, Bravo was owned in part by subsidiaries of Rainbow. Rainbow, as the parent company of the general partners of Bravo, provided legal, financial and other corporate management services to Bravo. But Rainbow was not involved in, and had no knowledge of or supervision over, the day-to-day decisions of Bravo regarding the production or development of its original programming. Rainbow further objects to this Document Request as overly broad.

Subject to and without waiving the foregoing objection and the General Objections, Rainbow will produce documents responsive to this Request, if any.

**Request No. 8**:

All advertisements Rainbow placed or that appeared in any newspaper, magazine, periodical or on any website relating to ***The It Factor***, including any advertisements soliciting actors to audition for the series that became ***The It Factor***.

**Response to Request No. 8**:

Rainbow objects to this Document Request because it seeks to confuse and blur the distinctions between Rainbow and Bravo. Until December 5, 2002, Bravo was owned in part by subsidiaries of Rainbow. Rainbow, as the parent company of the general partners of Bravo, provided legal, financial and other corporate management services to Bravo. But Rainbow was not involved in, and had no knowledge of or supervision over, the day-to-day decisions of Bravo

regarding the production or development of its original programming. Rainbow further objects to this Request as overly broad and unduly burdensome.

Subject to and without waiving the foregoing objections or the General Objections, Rainbow will produce copies of any advertisements leading up to or concerning the selection of actors to audition for the series that became *The It Factor*.

**Request No. 9**:

All documents reflecting communications between any Defendant and Plaintiff regarding ***The Ultimate Audition***, including notes regarding such communications, and any evaluations, responses, and/or reactions to ***The Ultimate Audition***.

**Response to Request No. 9**:

Subject to and without waiving the General Objections, Rainbow has no documents responsive to this Request.

**Request No. 10**:

All documents reflecting communications between Rainbow and any person other than Defendants regarding ***The It Factor***, including notes regarding such communications.

**Response to Request No. 10**:

Rainbow objects to this Document Request as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing objections or the General Objections, Rainbow has no documents responsive to this Request.

**Request No. 11**:

All documents relating to any communications between Rainbow and any other Defendant regarding ***The It Factor***, including notes regarding such communications.

**Response to Request No. 11**:

Rainbow objects to this Document Request to the extent that it seeks documents protected by the attorney-client privilege, the joint defense privilege, the attorney work product doctrine and any other applicable privilege or protection. Rainbow further objects to this Document Request as overly broad and unduly burdensome. Subject to and without waiving the foregoing objections and the General Objections, Rainbow has no documents responsive to this Request.

**Request No. 12**:

All documents reflecting any royalties, accountings or payments Rainbow has received in connection with ***The It Factor***.

**Response to Request No. 12**:

Rainbow objects to this Document Request on the grounds that it is overly broad and seeks documents that are neither relevant to this action nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing objections and the General Objections, Rainbow has no documents responsive to this Request.

**Request No. 13**:

Copies of all copyright registration certificates and applications for ***The It Factor***, and copies of all communications between Rainbow and the United States Copyright Office relating to such registration certificates and applications.

**Response to Request No. 13**:

Subject to and without waiving the General Objections, Rainbow has no documents responsive to this Request.

**Request No. 14:**

Video copies of all versions and episodes of ***The It Factor***, chronologically numbered and dated.

**Response to Request No. 14**:

Rainbow objects to this Document Request as vague and ambiguous to the extent it seeks video copies of all "versions" of *The It Factor*. Subject to and without waiving the foregoing objections and the General Objections, Rainbow has no video or film footage responsive to this Request.

**Request No. 15**:

Video copies of all raw or unedited footage that was shot to make the 2002 New York and the 2003 Los Angeles series premiers of ***The It Factor***.

**Response to Request No. 15**:

Subject to and without waiving the General Objections, Rainbow has no video or film footage responsive to this Request.

**Request No. 16**:

All domestic or foreign promotional materials including all promotional video clips for ***The It Factor***.

**Response to Request No. 16**:

Rainbow objects to this Document Request on the grounds that it is overly broad and unduly burdensome. Subject to and without waiving the foregoing objections and the General Objections, Rainbow has no documents responsive to this Request.

**Request No. 17**:

Programming schedule for all episodes, including all reruns of ***The It Factor*** from January 2002 to the present, aired on Bravo, its affiliates, and any other broadcasting entities, domestic and foreign.

**Response to Request No. 17**:

Rainbow objects to this Document Request on the grounds that it seeks documents neither relevant to this action nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing objections and the General Objections, Rainbow has no documents responsive to this Request.

**Request No. 18**:

Copies of all internal, external, and certified audits of Rainbow pertaining to those business segments associated with Bravo and ***The It Factor*** from January 2002 to the present.

**Response to Request No. 18**:

Rainbow objects to this Document Request as vague and ambiguous to the extent that it seeks audits relating to "business segments associated with" Bravo and *The It Factor*. Rainbow further objects to this Request on the grounds that it is overly broad, unduly burdensome and seeks documents neither relevant to this action nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing objections and the General Objections, Rainbow will produce documents responsive to this Request, if any.

**Request No. 19**:

Copies of all written proposals Zanzibar presented to Bravo, or Rainbow, or affiliates by David Clair, Lauren Friedland, Nicole Torre, and any agent or other facilitator for the purpose of making ***The It Factor***.

**Response to Request No. 19**:

Subject to and without waiving the General Objections, Debbie De Montreaux, the former Executive Producer of *The It Factor*, who is presently employed by The Independent Film Channel LLC, a Rainbow subsidiary, has provided Rainbow with her personal file relating to *The It Factor*. Rainbow will produce any responsive documents contained in Ms. De Montreaux's file or otherwise in Rainbow's possession, custody or control.

**Request No. 20**:

Video copies of all footage, including any video trailers, Zanzibar presented to Bravo or Rainbow or affiliates by David Clair, Lauren Friedland, Nicole Torre, and any agent or other facilitator for the purpose of making ***The It Factor***.

**Response to Request No. 20**:

Rainbow objects to this Document Request as vague and ambiguous to the extent it seeks video copies of all footage Zanzibar presented to "affiliates" for the purpose of making *The It Factor*. Subject to and without waiving the foregoing objections and the General Objections, Rainbow has no documents responsive to this Request.

**Request No. 21**:

Copies of Rainbow's employment records as independent contractors or otherwise and contracts for and with David Clair, Lauren Freidland, and Nicole Torre from 1998 to present and current addresses and telephone numbers for those individuals.

**Response to Request No. 21**:

Subject to and without waiving the General Objections, Rainbow has no documents responsive to this Request.

**Request No. 22**:

Copies of Rainbow's employment records and contracts for and with all of the cast members who appeared in New York and Los Angeles premiers of ***The It Factor*** and current addresses and telephone numbers for those individuals, separated by east and west coasts.

**Response to Request No. 22**:

Subject to and without waiving the General Objections, Rainbow has no documents responsive to this Request.

**Request No. 23**:

All documents regarding any determinations of whether or not to produce ***The It Factor***, and all documents regarding all reactions and responses thereto.

**Response to Request No. 23**:

Rainbow objects to this Document Request on the grounds that it is overly broad, unduly burdensome and seeks documents that are neither relevant to this action nor reasonably likely to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing objections and the General Objections, Rainbow will produce documents responsive to this Request.

**Request No. 24**:

All documents pertaining to all creative pitches for ***The It Factor***.

**Response to Request No. 24**:

Subject to and without waiving the General Objections, Rainbow has no documents responsive to this Request other than those already produced in this action.

**Request No. 25**:

All documents pertaining to all creative pitches for ***The Ultimate Audition***.

**Response to Request No. 25:**

Subject to and without waiving the General Objections, Rainbow has no documents responsive to this Request.

**Request No. 26:**

All documents pertaining to budgets for ***The It Factor***.

**Response to Request No. 26:**

Subject to and without waiving the General Objections, Debbie De Montreaux, the former Executive Producer of *The It Factor*, who is presently employed by The Independent Film Channel LLC, a Rainbow subsidiary, has provided Rainbow with her personal file relating to *The It Factor*. Rainbow will produce any responsive documents contained in Ms. De Montreaux's file or otherwise in Rainbow's possession, custody or control.

**Request No. 27:**

All documents showing costs of production for ***The It Factor***.

**Response to Request No. 27:**

Debbie De Montreaux, the former Executive Producer of *The It Factor*, who is presently employed by The Independent Film Channel LLC, a Rainbow subsidiary, has provided Rainbow with her personal file relating to *The It Factor*. Rainbow will produce any responsive documents contained in Ms. De Montreaux's file or otherwise in Rainbow's possession, custody or control.

**Request No. 28:**

All documents showing the value of the show, ***The It Factor***.

**Response to Request No. 28**:

Rainbow objects to this Document Request because its use of the term "value" is vague and ambiguous. Subject to and without waiving the foregoing objections, Rainbow states that it has no documents showing the value of *The It Factor*.

**Request No. 29**:

All documents showing the ratings for each episode of ***The It Factor***.

**Response to Request No. 29**:

Rainbow states that it has no documents responsive to this Request.

**Request No. 30**:

All documents, other than those previously produced or produced in response to the foregoing requests, upon which Rainbow intends to rely in connection with this action.

**Response to Request No. 30**:

Rainbow objects to this Document Request as vague and overly broad. Subject to and without waiving the foregoing objections and the General Objections, Rainbow will produce any documents responsive to this Request.

**Supplemental Request No. 1**:

All raw footage taken in connection with premier episode of The It Factor.

**Response to Supplemental Request No. 1**:

Rainbow objects to this Document Request as duplicative of Document Request No. 15. Subject to and without waiving the foregoing objection or the General Objections, Rainbow has no video or film footage responsive to this Request.

Respectfully submitted,

RAINBOW MEDIA HOLDINGS LLC (sued herein as RAINBOW PROGRAMMING HOLDINGS, INC.)

By its attorneys,

Barry I. Slotnick (Admitted *pro hac vice*)
Laura M. Vasey (Admitted *pro hac vice*)
LOEB & LOEB LLP
345 Park Avenue
New York, New York 10154
(212) 407-4000

Jonathan M. Albano, BBO #013850
BINGHAM MCCUTCHEN
150 Federal Street
Boston, Massachusetts 02110
(617) 951-8000

Dated: August 16, 2004

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the above document was served upon the attorney of record for each party, as identified on the attached Service List, by overnight mail on August 16, 2004.

Laura M. Vasey