UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

------------------------------------------------------------X
:
FRANK QUAGLIA,
:
       Plaintiff,
:
                                       :   Civil Action No. 04-10460 RWZ
     -against-
:   **RAINBOW MEDIA HOLDINGS LLC'S**
BRAVO NETWORKS, NATIONAL             **OBJECTIONS AND RESPONSES TO**
BROADCASTING COMPANY, INC., doing :  **PLAINTIFF'S FIRST SET OF**
business as NBC; RAINBOW                     **INTERROGATORIES**
PROGRAMMING HOLDINGS, INC., and:
DOES 1-10,
:
       Defendants.
------------------------------------------------------------X

      Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, defendant Rainbow Media Holdings LLC ("Rainbow"), by and through its attorneys, Loeb & Loeb LLP, hereby objects and responds to Plaintiff's First Set of Interrogatories to Defendant Rainbow Media Holdings LLC, dated July 13, 2004 (the "Interrogatories"), as follows:

### GENERAL OBJECTIONS

    1.    Until December 5, 2002, Rainbow provided legal, financial and other corporate management services to Bravo, but was not involved in, and had no knowledge of or supervision over, the day-to-day decisions of Bravo regarding the development or production of its original programming. Therefore, Rainbow's responses to these Interrogatories are made on information and belief insofar as they concern decisions relating to the day-to-day development or production of *The It Factor*.

    2.    Rainbow objects to each Interrogatory to the extent it calls for or could be construed to call for the production of documents or information that is privileged from

disclosure under the attorney-client privilege, the attorney work product doctrine or related doctrines. Inadvertent disclosure or production of any privileged information or document otherwise immune from discovery shall not be deemed a waiver of any applicable privilege or work product protection.

3. Rainbow objects to each Interrogatory to the extent it seeks information or documents that are proprietary or confidential.

4. Rainbow objects to each Interrogatory to the extent it calls for or could be construed to call for any information generated by or at the direction of Rainbow's counsel subsequent to the filing of the complaint in this action.

5. Rainbow objects to each Interrogatory to the extent it seeks information beyond the scope permitted by the Federal Rules of Civil Procedure, the Local Civil Rules of this District, and applicable case law.

6. Rainbow objects to each Interrogatory to the extent it seeks information that (a) is obtainable from some other source that is more convenient, less burdensome, or less expensive; and (b) is already in plaintiff's possession, custody, or control.

7. Rainbow objects to each Interrogatory to the extent it imposes an undue burden or expense upon Rainbow and imposes upon Rainbow obligations greater than those authorized by the Federal Rules of Civil Procedure and the Local Civil Rules of this District.

8. Rainbow objects to each Interrogatory to the extent it seeks information that is not reasonably calculated to lead to the discovery of relevant, material, or admissible evidence.

9. The responses made herein shall not constitute a waiver of any objection by Rainbow to the competence, relevancy, materiality, privilege, or admissibility of any of the Interrogatories, responses, documents or things, or the content or subject matter of any of them.

10. Rainbow objects to the Interrogatories to the extent they seek information or documents outside Rainbow's possession, custody or control.

11. Rainbow's factual investigation and discovery of information and documents relating to the allegations in the complaint is continuing in nature. Rainbow's responses herein are based only upon Rainbow's current knowledge and reasonable belief. Rainbow reserves the right to modify and/or supplement its responses if in the course of this action it becomes aware of information which is called for by the Interrogatories but was not known or available at the time these responses were made.

12. Rainbow objects to the Interrogatories to the extent that they are vague, ambiguous and overly broad and therefore require Rainbow, to the best of its ability, to make a subjective determination as to what information or documents are being sought.

13. Rainbow's responses and objections to the Interrogatories are not, are not intended to be and shall not be deemed an admission of the matters stated, implied or assumed by any or all of the Interrogatories.

14. Rainbow objects to the Interrogatories on the grounds that the definition of Rainbow Media Holdings LLC is overly broad and unduly burdensome to the extent it seeks information from Rainbow's parents, subsidiaries, affiliates' predecessors in interest, and successors.

Each of the foregoing General Objections is incorporated in each of the responses hereinafter set forth. Subject to and without waiving such objections, Rainbow responds to Plaintiff's Interrogatories as follows:

## SPECIFIC OBJECTIONS AND RESPONSES

**Interrogatory No. 1**:

State the names and addresses of each person who participated in the creation of *The It Factor*.

**Response to Interrogatory No. 1**:

Rainbow objects to this Interrogatory because it seeks to confuse and blur the distinctions between Rainbow and Bravo. Until December 5, 2002, Bravo was owned in part by subsidiaries of Rainbow. Rainbow, as the parent company of the general partners of Bravo, provided legal, financial and other corporate management services to Bravo. But Rainbow was not involved in, and had no knowledge of or supervision over, the day-to-day decisions of Bravo regarding the production or development of its original programming.

Rainbow further objects to this Interrogatory on the grounds that it is overly broad and unduly burdensome. Subject to and without waiving the foregoing objections and the General Objections, Rainbow responds as follows:

See Rainbow's First Supplemental Initial Disclosures identifying David Clair, Lauren Friedland, Nicole Torre, Frances Berwick, Amy Introcaso-Davis, Rachel Smith and Debbie De Montreaux.

**Interrogatory No. 2**:

For each such person identified in response to Interrogatory No. 1 above, describe in detail their role, participation, and activities relating to the creation of *The It Factor*.

**Response to Interrogatory No. 2**:

Rainbow objects to this Interrogatory because it seeks to confuse and blur the distinctions between Rainbow and Bravo. Until December 5, 2002, Bravo was owned in part by subsidiaries of Rainbow. Rainbow, as the parent company of the general partners of Bravo, provided legal,

financial and other corporate management services to Bravo. But Rainbow was not involved in, and had no knowledge of or supervision over, the day-to-day decisions of Bravo regarding the production or development of its original programming.

Rainbow further objects to this Interrogatory as ambiguous and compound. Subject to and without waiving the foregoing objections and the General Objections, Rainbow responds as follows:

See Rainbow's First Supplemental Initial Disclosures describing the involvement of David Clair, Lauren Friedland, Nicole Torre, Frances Berwick, Amy Introcaso-Davis, Rachel Smith and Debbie De Montreaux in the creation of *The It Factor*.

**Interrogatory No. 3**:

State the names and addresses of each person who participated in the production and editing of ***The It Factor***.

**Response to Interrogatory No. 3**:

Rainbow objects to this Interrogatory because it seeks to confuse and blur the distinctions between Rainbow and Bravo. Until December 5, 2002, Bravo was owned in part by subsidiaries of Rainbow. Rainbow, as the parent company of the general partners of Bravo, provided legal, financial and other corporate management services to Bravo. But Rainbow was not involved in, and had no knowledge of or supervision over, the day-to-day decisions of Bravo regarding the production or development of its original programming.

Subject to and without waiving the foregoing objections or the General Objections, Rainbow responds as follows:

See Rainbow's First Supplemental Initial Disclosures identifying David Clair, Lauren Friedland, Nicole Torre, Frances Berwick, Amy Introcaso-Davis, Rachel Smith and Debbie De Montreaux as involved in the production of *The It Factor*.

**Interrogatory No. 4:**

For each such person identified in response to Interrogatory No. 3 above, describe in detail their role, participation, and activities relating to the production and editing of *The It Factor*.

**Response to Interrogatory No. 4:**

Rainbow objects to this Interrogatory because it seeks to confuse and blur the distinctions between Rainbow and Bravo. Until December 5, 2002, Bravo was owned in part by subsidiaries of Rainbow. Rainbow, as the parent company of the general partners of Bravo, provided legal, financial and other corporate management services to Bravo. But Rainbow was not involved in, and had no knowledge of or supervision over, the day-to-day decisions of Bravo regarding the production or development of its original programming.

Rainbow further objects to this Interrogatory as ambiguous and compound. Subject to and without waiving the foregoing objections and the General Objections, Rainbow responds as follows:

See Rainbow's First Supplemental Initial Disclosures describing the involvement of David Clair, Lauren Friedland, Nicole Torre, Frances Berwick, Amy Introcaso-Davis, Rachel Smith and Debbie De Montreaux in the production of *The It Factor*.

**Interrogatory No. 5:**

For each episode of *The It Factor*, identify and describe in detail all the reasons why you believe *The It Factor* and *The Ultimate Audition* are not the same.

**Response to Interrogatory No. 5**:

Rainbow objects to this Interrogatory on the grounds that it is vague, ambiguous, overly broad and unduly burdensome. Rainbow further objects to this Interrogatory on the ground that Plaintiff seeks to shift the burden of proof of infringing conduct from Plaintiff to Defendants. Subject to and without waiving the foregoing objections and the General Objections, and without waiver of any of its rights, Rainbow responds as follows:

*The Ultimate Audition* and *The It Factor* are not the same because they have different themes, dialogue, plot, visual elements, duration, cast, location and lighting and, therefore, have a different expression of ideas from one another.

**Interrogatory No. 6**:

State when and describe the circumstances under which Rainbow first became aware of the production or potential production of *The It Factor*.

**Response to Interrogatory No. 6**:

Subject to and without waiving the General Objections, Rainbow states that on or about December 29, 2000, Joshua Sapan, Rainbow's chief executive officer, approved Bravo's production budget for *The It Factor*.

**Interrogatory No. 7**:

Identify all persons who were pitched the show/project *The Ultimate Audition*, including the dates of such pitches, and all responses and reactions thereto.

**Response to Interrogatory No. 7**:

Rainbow objects to this Interrogatory on the ground that it seeks information known by Plaintiff. Rainbow also objects to this Interrogatory as vague and ambiguous to the extent it seeks information regarding Plaintiff's conduct with unidentified third parties and the "reactions"

of such third parties to whom *The It Factor* was pitched. Subject to and without waiving the foregoing objections and the General Objections, Rainbow states that *The Ultimate Audition* was not pitched to any person employed by Rainbow.

**Interrogatory No. 8**:

Identify all persons who pitched the show/project *The Ultimate Audition*.

**Response to Interrogatory No. 8**:

Rainbow objects to this Interrogatory on the ground that it seeks information known by Plaintiff. Subject to and without waiving the foregoing objection and the General Objections, *The Ultimate Audition* was never pitched to Rainbow. Upon information and belief, *The Ultimate Audition* was pitched to Laura Pierce at Bravo by Plaintiff.

**Interrogatory No. 9**:

Identify all persons who were pitched the show/project that became *The It Factor*, including the dates of such pitches, and all responses and reactions thereto.

**Response to Interrogatory No. 9**:

Rainbow objects to this Interrogatory as overly broad and unduly burdensome to the extent it seeks the identity of persons to whom *The It Factor* was pitched other than those employed by Rainbow. Rainbow also objects to this Interrogatory as vague and ambiguous to the extent it seeks the "reactions" of persons to whom *The It Factor* was pitched.

Subject to and without waiving the foregoing objections and the General Objections, *The It Factor* was never pitched to Rainbow. On information and belief, on or about July 25, 2000, Lauren Friedland sent a fax to Debbie De Montreaux at Bravo submitting the concept for *The It Factor*.

**Interrogatory No. 10:**

Identify all persons who pitched the show/project that became *The It Factor*.

**Response to Interrogatory No. 10:**

Subject to and without waiving the General Objections, *The It Factor* was never pitched to Rainbow. On information and belief, on or about July 25, 2000, Lauren Friedland sent a fax to Debbie De Montreaux at Bravo submitting the concept for *The It Factor*.

**Interrogatory No. 11:**

State all of your communications with Plaintiff, including in such answers the parties, dates, and substance of any such communications.

**Response to Interrogatory No. 11:**

Rainbow objects to this Interrogatory as seeking information known to Plaintiff. Subject to and without waiving this objection or the General Objections, Rainbow states that it has had no communications with Plaintiff.

**Interrogatory No. 12:**

Describe in detail all of Rainbow's activities in the creation and development of *The It Factor*, including in such response, date, time, and persons involved.

**Response to Interrogatory No. 12:**

Subject to and without waiving the General Objections, Rainbow had no involvement in the creation or development of *The It Factor*.

**Interrogatory No. 13:**

Identify who owns the copyright in *The It Factor*.

**Response to Interrogatory No. 13**:

Subject to and without waiving the General Objections, Rainbow states, on information and belief, that Bravo owns the copyright in *The It Factor*.

**Interrogatory No. 14**:

Identify each person whom you expect to call as an expert witness to provide testimony, including in any hearing or trial, in this case, and, as to each expert so identified, state the subject matter on which such person is expected to testify, the substance of the facts and opinions to which the person is expected to testify, and a summary of the grounds for each opinion.

**Response to Interrogatory No. 14**:

Rainbow objects to this Interrogatory as premature. Rainbow will identify any expert witness(es) it expects to call to provide testimony in this case in accordance with the requirements of Federal Rule of Civil Procedure 26(a)(2).

**Interrogatory No. 15**:

State all calculations for net profits of *The It Factor*.

**Response to Interrogatory No. 15**:

Subject to and without waiving the General Objections, Rainbow states that it does not have information responsive to this Interrogatory within its possession, custody or control.

**Interrogatory No. 16**:

State your determination of the value of the series, *The It Factor*, and how you calculated that determination.

**Response to Interrogatory No. 16**:

Rainbow objects to this Interrogatory on the grounds that the term "value" is vague and ambiguous. Subject to and without waiving the foregoing objections and the General

Objections, Rainbow states that it does not have information responsive to this Interrogatory within its possession, custody or control.

**Interrogatory No. 17:**

Identify all of the distributors to whom distribution rights to *The It Factor* were sold.

**Response to Interrogatory No. 17:**

Subject to and without waiving the General Objections, Rainbow states that it does not have information responsive to this Interrogatory within its possession, custody or control.

**Interrogatory No. 18:**

State all of the revenues generated by or associated with the distribution of *The It Factor*, in reference to the list of distributors above.

**Response to Interrogatory No. 18:**

Subject to and without waiving the General Objections, Rainbow states that it did not receive revenues generated by or associated with *The It Factor*.

**Interrogatory No. 19:**

State all anticipated revenues for *The It Factor*.

**Response to Interrogatory No. 19:**

Subject to and without waiving the General Objections, Rainbow anticipates no revenues from *The It Factor*.

**Interrogatory No. 20:**

State all dates and show times when *The It Factor* was broadcast.

**Response to Interrogatory No. 20:**

Subject to and without waiving the foregoing objections and the General Objections, Rainbow states that it does not have information responsive to this Interrogatory within its possession, custody or control.

**Interrogatory No. 21:**

For each of the episodes identified in interrogatory No. 20 above, state the estimated viewers per episode.

**Response to Interrogatory No. 21:**

Rainbow objects to this Interrogatory on the grounds that it seeks information neither relevant to this action nor reasonably likely to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing objections and the General Objections, Rainbow states that it does not have information responsive to this Interrogatory within its possession, custody or control.

**Interrogatory No. 22:**

State all anticipated future uses and showings for *The It Factor*.

**Response to Interrogatory No. 22:**

Subject to and without waiving the General Objections, Rainbow states that it does not anticipate any future uses or showing of *The It Factor*.

Respectfully submitted,

RAINBOW MEDIA HOLDINGS LLC (sued herein as RAINBOW PROGRAMMING HOLDINGS, INC.)

By its attorneys,

_____
Barry I. Slotnick (Admitted *pro hac vice*)
Laura M. Vasey (Admitted *pro hac vice*)
LOEB & LOEB LLP
345 Park Avenue
New York, New York 10154
(212) 407-4000

Jonathan M. Albano, BBO #013850
BINGHAM MCCUTCHEN
150 Federal Street
Boston, Massachusetts 02110
(617) 951-8000

Dated: August 16, 2004

## VERIFICATION

I, Sharon L. Davis, declare as follows:

I am Vice President, Legal Affairs of defendant Rainbow Media Holdings LLC (sued herein as Rainbow Programming Holdings, Inc.) and am authorized to make this verification for and on Rainbow's behalf. I have reviewed the foregoing RAINBOW MEDIA HOLDINGS LLC'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES, and am informed and believe, and on that ground allege, that the information set forth in the foregoing responses is true.

Executed on August 13 2004 at Jericho, New York.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

_____
Sharon L. Davis

NY333926.2
20350310009

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorney of record for each party, as identified on the attached Service List, by overnight mail on August 16, 2004.

                                                   _____
                                                   Laura M. Vasey

## SERVICE LIST

Counsel for Plaintiff:

Neville L. Johnson, Esq.
Douglas L. Johnson, Esq.
**JOHNSON & RISHWAIN LLP**
12121 Wilshire Boulevard
Suite 1201
Los Angeles, California 90025-1175
(310) 826-2410

Chris Winton Henderson, Esq.
57 Wharf Street
Suite No. 3A
Salem, Massachusetts 01970
(978) 741-4646

Counsel for Defendants NBC and Bravo:

Daniel M. Kummer, Esq.
National Broadcasting Company, Inc.
30 Rockefeller Plaza
(212) 664-6572

NY333926.2
20350310009