UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

------------------------------------------------------X
:
FRANK QUAGLIA,
:
        Plaintiff,
:
        -against-               :    Civil Action No. 04-10460 RWZ

BRAVO NETWORKS, NATIONAL        **DECLARATION OF JOHN HUFFMAN IN**
BROADCASTING COMPANY, INC., doing    **SUPPORT OF DEFENDANT RAINBOW MEDIA**
business as NBC; RAINBOW                 :   **HOLDINGS LLC'S RESPONSE TO PLAINTIFF'S**
PROGRAMMING HOLDINGS, INC., and      **MOTION TO COMPEL**
DOES 1-10,
:
        Defendants.
------------------------------------------------------X

       I, John Huffman, state and declare as follows:

       1.    I am Senior Vice President-Finance for Rainbow Media Holdings LLC, sued herein as Rainbow Programming Holdings, Inc. ("Rainbow"). I make this declaration based upon personal knowledge, except as otherwise noted, and upon the information contained in the records of Rainbow, which are kept in the usual course of their business. I submit this declaration in support of Rainbow's Response to Plaintiff's Motion to Compel.

       2.    I understand that Plaintiff seeks the production of documents reflecting the revenue generated by *The It Factor* series from commercial advertising sales, product placement, merchandising or any other source, including:

           a.    All statements and analyses for all profits and losses for *The It Factor* television series from 2000 to the present.

           b.    All documents relating to net profits for *The It Factor*, including books, ledgers, and quarterly and annual financials from 2000 to the present.

           c.    All internal, external, and certified audits and associated work papers for *The It Factor* from 2000 to the present.

3.  Until December 5, 2002, Bravo was owned in part by subsidiaries of Rainbow. Rainbow, as the parent company of the general partners of Bravo, provided legal, financial and other corporate management services to Bravo.

4.  During the period of time that Rainbow had an ownership interest in Bravo, Bravo generally did not track revenue, profits or losses on a program-by-program basis, and generally accepted accounting principles did not require Bravo to do so. Bravo generally did not sell advertising time for specific programs, other than special productions/events and occasional sponsorships. Rather, Bravo sold advertising time for specific "day parts," such as prime time, and usually over a specific period of time. Consequently, Rainbow does not have documents that are responsive to Plaintiff's requests concerning Bravo's revenues, profits and losses on *The It Factor* series. Rainbow therefore can neither produce documents nor respond to an interrogatory based upon Rainbow's books and records.

5.  However, Rainbow will attempt to establish some rational allocation of Bravo's advertising revenue to *The It Factor*. It is important for the Court to note that any such analysis will be, at best, an estimate not within generally accepted accounting principles.

6.  Bravo received no revenue from merchandising, product placement or any other source for *The It Factor*.

7.  Neither Rainbow nor Bravo has ever conducted any internal, external or certified audits on *The It Factor*.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: New York, New York
       June 14, 2005

John Huffman