UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

------------------------------------------------------------X
        :
FRANK QUAGLIA,
        :
        Plaintiff,
        :   Civil Action No. 04-10460 RWZ
        -against-
        :   **DEFENDANTS' MEMORANDUM OF**
BRAVO NETWORKS, NATIONAL       **LAW IN SUPPORT OF JOINT MOTION**
BROADCASTING COMPANY, INC., doing   :   **FOR ATTORNEYS' FEES AND COSTS**
business as NBC; RAINBOW
PROGRAMMING HOLDINGS, INC., and   :
DOES 1-10,
        :
        Defendants.
------------------------------------------------------------X

      Defendants Rainbow Media Holdings LLC, sued as Rainbow Programming Holdings, Inc., and National Broadcasting Company, Bravo Company, sued as Bravo Networks ("Bravo"), (referred to collectively as "Defendants"), by their undersigned counsel, and in accordance with Rule 54(d)(2) of the Federal Rules of Civil Procedure, respectfully submit this memorandum in support of their motion for an award of attorneys' fees and costs pursuant to Section 505 of the Copyright Act of 1976, 17 U.S.C. § 505.

**I.    FACTUAL BACKGROUND**

      Plaintiff Frank Quaglia ("Plaintiff") filed an action in this Court against Defendants on March 5, 2004. The Complaint asserted claims against Defendants for copyright infringement, breach of confidence and breach of implied contract, arising out of Defendants' alleged infringement of Plaintiff's film, *The Ultimate Audition*, by developing and broadcasting the two-

season, twenty-six episode television series, *The It Factor*.[1]  Plaintiff's original counsel withdrew and Plaintiff could not find substitute counsel, yet Plaintiff continued to prosecute this meritless case.  As this case progressed, it should have become abundantly clear that whatever Plaintiff's original assumptions, neither the facts nor the law supported Plaintiff's claims.  On July 22, 2005, Defendants jointly moved for summary judgment against Plaintiff.  By order dated March 21, 2006, this Court granted Defendants summary judgment on all counts.

Defendants recognize that they are large corporations and that there is a disparity in the economic wherewithal between the parties.  Defendants are not trying to add insult to injury by seeking attorneys' fees from a plaintiff who undoubtedly has limited funds.  However, Defendants have rights, too.  They should not be subject to meritless litigation simply because Plaintiff has nothing to lose.  The decision of this Court on the merits was clear, yet Plaintiff has already advised Defendants that he intends to appeal.  Defendants make this motion not out of spite, but simply as a means of ending the financial drain from this senseless and costly attack.

## II.  DEFENDANTS ARE ENTITLED TO AN AWARD OF THEIR COSTS AND REASONABLE ATTORNEYS' FEES.

### A.  Attorneys' Fees

Defendants are entitled to an award of its costs and reasonable attorneys' fees pursuant to § 505 of the Copyright Act.  *See* 17 U.S.C. § 505.  Section 505 of the Copyright Act provides:

> In any civil action under this title, the court in its discretion may allow the recovery of full costs by or against any party other than the United States or an officer thereof.  Except as otherwise provided by this title, the court may also award a reasonable attorney's fee to the prevailing party as part of the costs.

---

[1]  All cited deposition pages and declarations herein will be abbreviated as follows: "[Deponent's surname] Dep." and "[Declarant's surname]" Decl.," respectively.

Rainbow and NBC are "prevailing parties" under Section 505 of the Copyright Act because this Court granted Defendants' motion for summary judgment on Plaintiff's copyright infringement claim (and related state-law claims). The decision whether to award attorneys' fees under § 505 is within this Court's equitable discretion. *See Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534 (1994). The Supreme Court has identified several factors that may be considered in deciding whether to award attorneys' fees to a prevailing party (whether that party is the plaintiff or the defendant), including "frivolousness, motivation, objective unreasonableness (both in the factual and in the legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence." *Id.* at 534 n.19. Of these factors, courts place "substantial weight" on "objective unreasonableness." *See Matthew Bender & Co. v. West Publ'g Co.,* 240 F.3d 116, 121 (2d Cir. 2001) (collecting cases).

Plaintiff's pursuit of his copyright infringement claim was objectively unreasonable, as the facts of this case demonstrate. First, as the Court's decision makes clear, a simple viewing of the two works demonstrates that it was objectively unreasonable for Plaintiff to believe that there was any similarity, much less a substantial similarity, between *The It Factor* – a two-season, 26-episode documentary about the day-to-day struggles of young actors in New York – and *The Ultimate Audition*, a movie filmed in a single day in Worchester, Massachusetts, with actors who did not know they were making a movie. *See* 3/21/06 Decision at 6-7. Second, Plaintiff's repeated contention that Defendants stole his "idea" could not ever have stated a claim for copyright infringement as a matter of law, as this Court held and Plaintiff himself acknowledged. *Id.* at 3. In any event, the depositions of the key witnesses made it patently clear that the creators of *The If Factor* never had access to Plaintiff's film. Finally, Plaintiff continued to prosecute this

suit, notwithstanding the withdrawal of his original counsel and his inability to find substitute counsel, which presumably was due to the lack of merit in Plaintiff's claims.

Courts have awarded attorneys' fees to prevailing defendants in circumstances similar to those present here.**2**  *See Littel v. Twentieth Century-Fox Film Corp.*, No. 89 Civ. 8526, 1996 WL 18819, at *3 (S.D.N.Y. Jan. 18, 1996) (awarding attorneys' fees to defendants who prevailed on summary judgment in copyright infringement action because "[e]ven if pursued in subjective good faith by the plaintiffs, the claim of substantial similarity between the works at issue here was objectively unreasonable"), *aff'd*, 100 F. 3d 943 (2d Cir. 1996); *Williams v. Crichton*, 891 F. Supp. 120, 121-22 (S.D.N.Y. 1994) (granting defendants' motion for attorneys' fees where plaintiff's claim of copyright infringement was objectively unreasonable); *Burnett v. Lambino*, 206 F. Supp. 517, 518-19 (S.D.N.Y. 1962) (awarding counsel fees to prevailing defendants where "[p]laintiffs' case rested ultimately on alleged showings of similarities which ranged from the patently erroneous to the ridiculous or involved palpable trivialities"). *See also Diamond Star Bldg. Corp. v. Freed*, 30 F.3d 503, 506 (4th Cir. 1994) (reversing district court's denial of attorneys' fees to prevailing defendant in copyright infringement action for "failing to accord appropriate weight to [plaintiff's] pursuit of an utterly meritless claim").

The fact that defendants are corporations does not militate against awarding fees in their favor.  *See Littel*, 1996 WL 18819, at *3 (awarding attorneys' fees to major film studio notwithstanding plaintiffs' pleas that they were "'struggling artists' who are likely to become bankrupt if ordered to pay the attorneys fees and costs sought" by defendant); *Crichton*, 891 F.

---

**2**  Assessing attorneys' fees against a *pro se* litigant is appropriate where, as here, the plaintiff's "claim was frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly became so." *Spiegelman v. Reprise Records*, 101 F.3d 685, 1996 WL 280504, at *1 (2d Cir. May 23, 1996) (quoting *Hughes v. Rowe,* 449 U.S. 5, 15 (1980)).

Supp. at 121-22 (granting defendants' motion for attorneys' fees where defendants included producer/director Steven Spielberg, producer Michael Crichton, Random House, Inc., and Universal City Studios, Inc.). To the contrary, awarding fees in this case will deter frivolous litigation not only by other plaintiffs, but also by Mr. Quaglia, who has already indicated his intention to appeal this Court's decision. *See Diamond Star*, 30 F.3d at 506 (where copyright infringement claim was objectively unreasonable, goal of deterring frivolous litigation favored award of attorneys' fees to prevailing defendants).

**B.     Costs**

In awarding costs under Section 505 of the Copyright Act, the underlying statute in the case at bar, courts in the First Circuit have awarded both "taxable costs," as that terms is defined by 28 U.S.C. § 1920, as well as "out-of-pocket expenses," including costs for courier service, computer research, local travel, meals, telephone, postage, and parking. *See, e.g., Invessys, Inc. v. The McGraw-Hill Cos.*, 369 F.3d 16, 22-23 (1st Cir. 2004) (affirming an award of computer research costs under Section 505); *Data Gen. Corp. v. Grumman Sys. Support Corp.*, 825 F. Supp. 361, 367-68 (D. Mass. 1993), *aff'd*, 36 F.3d 1147 (1st Cir. 1994) (awarding taxable costs and "out-of-pocket" costs under Section 505). In *Data General*, the court held that 28 U.S.C. § 1920 defines the "costs" that may be awarded under Section 505. There, the court allowed the prevailing party to recover the costs incurred for: (a) depositions introduced or used at trial pursuant to § 1920(2); (b) disbursements for printing pursuant to § 1920(3); and (c) exemplification and copies of papers, pursuant to § 1920(4). Accordingly, Defendants are entitled to reimbursement of the costs of depositions taken in discovery in this action, as well as reimbursement of printing and copying costs in connection with discovery and all other pre-trial proceedings.

Defendants are also entitled to an award of their "out-of-pocket expenses." The First Circuit has recognized "disbursements" made by an attorney and billed directly to the client (apart from the hourly fee) are properly encompassed in the phrase "attorneys' fees." *See Invessys*, 369 F.3d at 22-23 (citing *West Virginia Hosps., Inc. v. Casey*, 499 U.S. 83, 87 n. 3 (1991)); *Data Gen. Corp.*, 825 F. Supp. at 366-67 (citing same). In *Invessys*, the Court affirmed an award of costs under Section 505, which included costs incurred for computerized legal research on Lexis and Westlaw. *See Invessys*, 369 F.3d at 22-23. Accordingly, Defendants are entitled to recover the "costs" that are expressly identified in 28 U.S.C. § 1920, as well as those "out-of-pocket" expenses that were incurred by Defendants' counsel.

### III.  COSTS AND ATTORNEYS' FEES INCURRED BY DEFENDANTS.[3]

Rainbow is entitled to an award of costs and attorneys' fees as follows:

1.  Rainbow's attorneys' fees since commencement of this action of $329,711.50. *See* Slotnick Decl., Ex. A.

2.  Rainbow's taxable costs and out-of-pocket expenses incurred since commencement of this action of $25,116.76. *See* Slotnick Decl., Ex. A.

NBC is entitled to an award of costs and attorneys' fees as follows:

1.  NBC's attorneys' fees since commencement of this action of $12,509.55. *See* Albano Decl., Ex. A.[4]

---

[3] Defendants' costs and attorneys' fees are calculated through October 2005. Defendants ask the Court for leave to file supplemental applications for fees and costs as they arise in the course of defending this case on appeal, as Plaintiff has indicated his intention to appeal this Court's March 21, 2006 decision.

[4] NBC hereby reserves its right to seek the reasonable fees expended by its in-house counsel in the course of defending Plaintiff's appeal. *See Broadcast Music, Inc. v. R Bar of*

*(continue…)*

    2.    NBC's taxable costs and out-of-pocket expenses incurred since commencement of this action of $2,676.18.  *See* Kummer Decl., Ex. A.

**IV.   CONCLUSION**

Rainbow respectfully requests that the Court award Rainbow the following:

    1.    Attorneys' fees of $329,711.50.

    2.    Costs and disbursements of $25,116.76.

NBC respectfully requests that the Court award NBC the following:

    1.    Attorneys' fees of $12,509.55.

    2.    Costs and disbursements of $2676.18.

---

*(continued from previous page)*

*Manhattan, Inc.*, 919 F. Supp. 656, 661 (S.D.N.Y. 1996) ("Attorney's fees may be awarded for the work of in-house counsel, and an hourly rate based on an estimate of the fee charged by independent counsel for similar services can provide a reasonable basis for calculating such an award if other relevant criteria are satisfied.") (collecting cases).  In the instant motion, NBC is seeking to recover only the fees paid for the services of its local counsel, Bingham McCutchen.

Respectfully submitted,

| | |
|---|---|
| **BRAVO COMPANY (sued as BRAVO NETWORK) and NBC UNIVERSAL, INC. (formerly known as and sued as NATIONAL BROADCASTING COMPANY, INC.)** | **RAINBOW MEDIA HOLDINGS LLC (sued as RAINBOW PROGRAMMING HOLDINGS, INC.)** |
| By their attorneys**,** | By its attorneys, |
| /s/Daniel M. Kummer | /s/Barry I. Slotnick |
| Daniel M. Kummer (admitted *pro hac vice*) | Barry I. Slotnick (Admitted *pro hac vice*) |
| NBC UNIVERSAL, INC. | Laura M. Vasey (Admitted *pro hac vice*) |
| 30 Rockefeller Plaza, Rm. 1091E | **LOEB & LOEB LLP** |
| New York, NY 10112 | 345 Park Avenue |
| (212) 664-4017 | New York, New York 10154 |
| | (212) 407-4000 |

For all Defendants:
Jonathan M. Albano, BBO #013850
Serena D. Madar, BBO # 654326
**BINGHAM MCCUTCHEN LLP**
150 Federal Street
Boston, Massachusetts 02110
(617) 951-8000

Dated:  April 4, 2006

### CERTIFICATE OF SERVICE

   I hereby certify that a true copy of the above document was served upon the attorney of record for each party by First-Class Mail on April 4, 2006.

                                                                        /s/Jonathan M. Albano
                                                                        Jonathan M. Albano

NY482667.3