

Not Reported in F.Supp.  
Not Reported in F.Supp., 1996 WL 18819 (S.D.N.Y.), 37 U.S.P.Q.2d 1796  
**(Cite as: 1996 WL 18819 (S.D.N.Y.))**

Page 1

H

**Motions, Pleadings and Filings**

United States District Court, S.D. New York.
John S. LITTEL; Anthony Destefano; and Judalee Productions, Inc., Plaintiffs,
v.
TWENTIETH CENTURY-FOX FILM CORPORATION; Jim Thomas; John Thomas; CBS Fox
Company; American Films and American Entertainment Partners LP; John Davis;
Shanachie Productions, Inc.; Deimos Bard Productions, Inc.; and Fox Video,
Inc., Defendants.
No. 89 Civ. 8526 (DLC).

Jan. 18, 1996.

Robert Dembia, Levine & Dembia, New York City, for Plaintiffs.

Slade R. Metcalf, Mark H. Jackson, Squadron, Ellenoff, Plesent, & Sheinfeld, LLP, New York City for Defendants.

*OPINION & ORDER*

COTE, District Judge:

**\*1** The Court granted defendants' Motion for Summary Judgment in this copyright infringement action on July 6, 1995. Based upon the Court's July 6 ruling, defendants bring the instant motion for costs and attorneys fees as prevailing parties pursuant to the Copyright Act of 1976, 17 U.S.C. § 505. For the reasons given below, the motion is granted.

*Legal Standard*

The Copyright Act of 1976 (the "Act") provides in relevant part that in any copyright infringement case, "the court may ... award a reasonable attorney's fee to the prevailing party as part of the costs." 17 U.S.C. § 505. In *Fogerty v. Fantasy,* Inc., 510 U.S. 517, 114 S. Ct. 1023 (1994), the Supreme Court resolved a split among the circuits as to the appropriate standard for awarding attorneys fees under the Act. Prior to *Fogerty,* the Second Circuit, among others, awarded attorneys fees as a matter of course to prevailing plaintiffs but not to prevailing defendants, based on the policy consideration that the Act was designed to encourage plaintiffs to assert protection of their copyrights. *See Knitwaves, Inc. v. Lollytogs Ltd.,* 71F.3d 996, 1995 WL 673250, *15 (2d Cir. Nov. 13, 1995)*(discussing pre-*Fogerty* standard). *Fogerty* rejected this dual standard, in favor of the so-called "evenhanded" approach in which the prevailing party in a trademark infringement action is treated the same for purposes of an award of attorneys fees, regardless of whether the prevailing party is a plaintiff or a defendant. *Fogerty,* 114 S.Ct. at 1033. As the Supreme Court recognized, defendants in copyright cases are often holders of copyrights and should be encouraged to litigate meritorious copyright defenses to the same extent as plaintiffs are encouraged to litigate their claims. Such encouragement serves the underlying policy of the Copyright Act, which is to enrich the general public through access to creative works. *Id.* at 1030.

An award of attorneys fees is by no means automatic, however. Instead, it is a matter committed to the Court's equitable discretion. *Fogerty,* 114 S. Ct. at 1033. In *Fogerty,* the Supreme Court approved a non-exhaustive list of factors to be considered in applying the evenhanded standard. Such factors include "frivolousness, motivation, objective unreasonableness (both in the factual and legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence." *Id.* at 1033 n.19. These factors "may be used to guide courts' discretion, so long as such factors are faithful to the purposes of the Copyright Act" and are applied evenhandedly to prevailing plaintiffs and prevailing defendants alike. *Id.*

Because the list of factors is nonexhaustive, courts have considered other factors in exercising their discretion whether to award attorneys fees. One such factor is the relative financial strength of the parties. *See, e.g., Williams v. Crichton,* 1995 WL 449068 (S.D.N.Y. 1995)(quoting *Lieb v. Topstone Industries, Inc.,* 788 F.2d 151, 156 (3d Cir. 1986))(limiting award to prevailing defendant because of the disproportionate relative financial strength of the parties). Another is whether a claim is found to be "objectively unreasonable." *See, e.g., Screenlife Establishment v. Tower Video, Inc.,* 868 F. Supp. 47, 52 (S.D.N.Y. 1994); *Woods v. Bourne Co.,* 858 F. Supp. 399, 400 (S.D.N.Y. 1994); *cf. CK Company v.*

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp. Page 2
Not Reported in F.Supp., 1996 WL 18819 (S.D.N.Y.), 37 U.S.P.Q.2d 1796
**(Cite as: 1996 WL 18819 (S.D.N.Y.))**

Burger King Corp., 1995 WL 29488 (S.D.N.Y. 1995)(approving standard but finding it inapplicable to facts presented).

*Background and Analysis*

**\*2** Although familiarity with my Opinion and Order of July 6, 1995 is assumed, a brief outline of relevant facts is appropriate. Plaintiffs filed the Complaint in this Action on December 22, 1989, alleging, *inter alia,* that plaintiffs' book "Predator" was "substantially similar" to defendants' movie of the same title, and therefore that defendants had infringed plaintiffs' copyright. On April 20, 1990, several of the individual defendants filed a motion to dismiss the action against them for lack of personal jurisdiction, or in the alternative, to transfer the case to the United States District Court for the Central District of California. On May 28, 1991, the judge to whom the case was then assigned, denied the motion except as to defendant Stan Winston who was dismissed from the Action.

On August 9, 1991, defendants filed a motion for summary judgment. On October 17, 1991, plaintiffs filed a supplemental Complaint based on the defendants' production and distribution of the movie "Predator II." On January 9, 1992, defendants supplemented their motion for summary judgment in light of the supplemental Complaint. By an Order dated July 27, 1992, defendants' motion for summary judgment was denied without opinion.

On September 13, 1994, this case was reassigned to this Court. At that time it had an October 1994 trial date. At a conference held on October 19, 1994, the parties described the claims at length and the defendants requested an opportunity to renew their motion for summary judgment. In response, I undertook to read the book and watch the two movies at issue. At a conference held by telephone on November 9, 1994, the Court granted defendants the option of proceeding to trial promptly or renewing their motion for summary judgment. At that time, I indicated to the parties that, having read plaintiffs' book and having watched defendants' movies, and in light of the applicable law, I expected I would grant the motion for summary judgment. The defendants reiterated their desire to file a summary judgment motion. Defendants filed the motion, which was granted by Opinion and Order dated July 6, 1995.

In my July 6, 1995 Opinion and Order granting defendants' motion for summary judgment, I observed that

[i]f it were not for the fact that the book and movies bear the same title, it is hard to believe that any claim of infringement could ever have been filed here. Although the works are each 'action-packed' stories, plaintiffs as much as concede that they bear no resemblance to one another in terms of setting, plot, sequence of events, or individual scenes. Indeed, the works emanate from entirely different genres.

Littel v. Twentieth Century Fox Film, Corp., 1995 WL 404939, \*12 (S.D.N.Y. 1995)(DLC). I found that "no reasonable trier of fact could find the two works substantially similar," and therefore found that, pursuant to Rule 56(c), Fed.R.Civ.P. and applicable case law, that there was "no genuine issue as to any material fact" and that the defendants were entitled to judgment as a matter of law.

**\*3** It is true that a finding that defendants are entitled to summary judgment is not the equivalent of a finding that plaintiff's claims are objectively unreasonable. "To hold otherwise would establish a per se entitlement to attorneys fees whenever [a summary judgment motion is] resolved against a copyright plaintiff." CK Company v. Burger King Corp., 1995 WL 29488 (S.D.N.Y. 1995). In this case, however, I do not find the question of whether plaintiffs' claims were objectively unreasonable a close one. Even if pursued in subjective good faith by the plaintiffs, the claim of substantial similarity between the works at issue here was objectively unreasonable.

Furthermore, this case presented no novel or complex issues of law or fact which might weigh against an award of attorneys fees. *See, e.g.,* Bourne Co. v. Walt Disney Co., 1994 WL 263482 (S.D.N.Y.), *aff'd,* 68 F.3d 621 (2d Cir. 1995)(denying application for attorneys fees in light of presence of unsettled issues of fact and law). Instead, this case presented a straightforward substantial similarity claim that was frivolous. Under these circumstances, and "to advance considerations of compensation and deterrence," defendants are entitled to recover attorneys fees incurred in defending this action. Fogerty, 114 S. Ct. at 1033 n.19; *cf.* Diamond Star Bldg. Corp. v. Freed, 30 F.3d 503, 506 (4th Cir. 1994)(where copyright infringement claim was objectively unreasonable, goal of deterring frivolous litigation favored imposition of attorneys fees).

The plaintiffs place great emphasis on the fact that the judge to whom this case was previously assigned denied an earlier motion for summary judgment. Since the Order denying the motion did not include the reasons for the denial, it is impossible for this

Not Reported in F.Supp.  Page 3
Not Reported in F.Supp., 1996 WL 18819 (S.D.N.Y.), 37 U.S.P.Q.2d 1796
**(Cite as: 1996 WL 18819 (S.D.N.Y.))**

Court to weigh those reasons in deciding this motion. That denial, however, makes it inappropriate to assess against the plaintiffs any attorneys fees from the date of the denial to November 9, 1994, the date of the telephone conference in which the plaintiffs learned that, having read and watched the works at issue, I expected to grant the renewed motion for summary judgment. On the other hand, an award of fees *after* that date is particularly appropriate since the defendants notified the plaintiffs on December 6, 1994 that if the plaintiffs agreed to a dismissal of the lawsuit with prejudice, the defendants would not seek attorneys fees, but if the plaintiffs persisted with the lawsuit, the defendants would seek attorneys fees as permitted by *Fogerty.*

Finally, the Court is mindful of the likelihood of a significant disparity between the parties' financial circumstances. Defendants are major corporate entities while plaintiffs are, according to their counsel, "struggling artists" who are likely to become bankrupt if ordered to pay the attorneys fees and costs sought in this motion. Plaintiffs have not provided the Court with any proof of their financial circumstances, however. Plaintiffs are therefore ordered to submit, within 30 days of the date of the this Order, affidavits and documentation describing their net worth, current salaries, other sources of income, and any other financial information they wish the Court to consider in connection with an award of attorneys fees and costs.

**\*4** Defendants should submit within 30 days of this Order a detailed breakdown of attorneys fees and costs incurred in this litigation prior to July 27, 1992 and since November 9, 1994. The appropriate method of computing attorneys fees is the "lodestar" method as adopted by the Second Circuit in *City of Detroit v. Grinnell Corp., 495 F.2d 448, 470 (2d Cir. 1974).* Counsel should also provide the Court with contemporaneous records pursuant to *FH Krear & Co. v. Nineteen Named Trustees, 810 F.2d 1250, 1265 (2d Cir. 1987).*

Each party will have two weeks following the initial submissions to respond to its opponents submissions.

For the foregoing reasons, defendants' motion for costs and attorneys fees is granted, the amount of the award to be determined by the Court following submissions from the parties as outlined above.

SO ORDERED:

Not Reported in F.Supp., 1996 WL 18819 (S.D.N.Y.), 37 U.S.P.Q.2d 1796

**Motions, Pleadings and Filings (Back to top)**

• 1:89cv08526 (Docket) (Dec. 22, 1989)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.