UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-10460-RWZ

FRANK QUAGLIA

v.

BRAVO NETWORKS et al.

MEMORANDUM OF DECISION AND ORDER

September 19, 2006

ZOBEL, D.J.

Plaintiff Frank Quaglia ("Quaglia") brought this action for copyright infringement, breach of confidence and breach of implied contract against defendants Rainbow Media Holdings LLC ("Rainbow Media") and National Broadcasting Company, Bravo Company ("Bravo"), alleging, inter alia, that defendants infringed the copyright on plaintiff's film, "The Ultimate Audition," in violation of the 1976 Copyright Act, 17 U.S.C. §§ 501 et seq.

Plaintiff was initially represented by counsel, but, after filing the initial complaint, counsel withdrew and plaintiff proceeded pro se. Defendants jointly moved for summary judgment against plaintiff, and this court granted the motion on all counts.

Thereafter, defendants filed a joint motion for an award of attorneys' fees pursuant to Section 505 of the Copyright Act of 1976, 17 U.S.C. § 505, which plaintiff opposes.

**I.      Section 505 Analysis**

Under Section 505 of the Copyright Act of 1976, a court "in its discretion may allow the recovery of full costs by or against any party . . . " and "may also award a reasonable attorney's fee to the prevailing party as part of the costs."  17 U.S.C. § 505. Courts will consider a number of nonexclusive factors when determining whether to award attorneys' fees under the statute.  These factors include "frivolousness, motivation, objective unreasonableness (both in the factual and legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence."  Fogerty v. Fantasy, Inc., 501 U.S. 534 n.19 (1994) (internal citation omitted).  Moreover, "dishonesty is not required for an award; even a case that is merely objectively quite weak can warrant such an award."  Invessys, Inc. v. McGraw-Hill Cos., Ltd., 369 F.3d 16, 20-21 (1st Cir. 2004).  That defendants are "prevailing parties" is not in dispute.

In general, a party must establish two elements to prevail on a claim of copyright infringement: "(1) ownership of a valid copyright and (2) copying of the protected work by the alleged infringer."  Concrete Mach. Co. v. Classic Lawn Ornaments, Inc., 843 F.2d 600, 605 (1st Cir. 1988).  In this case, plaintiff's arguments regarding both prongs were objectively unreasonable.

First, it is axiomatic that copyright law protects "only expression, not ideas." Eldred v. Ashcroft, 537 U.S. 186, 190 (2003).  Although plaintiff conceded as much, he nevertheless argued that defendant had "stolen his ideas."  In doing so, plaintiff argued for a copyright protection that was clearly outside the scope of what the law allows.

Second, the record was devoid of any evidence that employees of Bravo who

2

developed "The It Factor" had access to the videotape of "The Ultimate Audition."

Finally, plaintiff's claim that there was "substantial similarity" between plaintiff's creation, "The Ultimate Audition," and defendant's creation, "The It Factor," was objectively unreasonable. "The Ultimate Audition" showed the auditioning process without revealing to the actors that the auditioning process itself was the entirety of the film. By contrast, "The It Factor" depicted actual auditions and then selected certain actors to follow throughout a 24-episode series.

Accordingly, I find that defendants are entitled to reasonable attorneys' fees and costs under 17 U.S.C. § 505.

## II.     Amount of Attorneys' Fees and Costs

In its motion for attorneys' fees and costs, defendant Rainbow Media has requested attorneys' fees in the amount of $329,711.50 and costs in the amount of $25,116.76. Defendant Bravo has requested attorneys' fees in the amount of $12,509.55 and costs in the amount of $2,676.18. Plaintiff Quaglia argues in his opposition papers that he has no assets with which to pay and would be "financially devastated" if ordered to pay such fees and costs.

It is well-established that courts may consider a party's ability to pay sanctions imposed under Section 505 of the 1976 Copyright Act. Indeed, courts have recognized that "the aims of the Copyright Act are compensation and deterrence where appropriate, but not ruination." Lieb v. Topstone Indus., Inc., 788 F.2d 151, 156 (3d Cir. 1986) (noting that "[t]he relative financial strength of the parties is a valid consideration" when determining the amount of attorneys' fees awarded under Section 505 of the Copyright Act and  concluding that the sum requested was "large" and may

3

be "excessive in light of the plaintiff's resources" and remanding to the district court for articulation of fee calculation); see also Littel v. Twentieth Century-Fox Film Corp., No. 89 Civ. 8526 (DLC), 1996 WL 18819, *3 (S.D.N.Y. 1996) (granting defendant's motion for attorneys' fees against plaintiffs who claimed to be "struggling artists" and "likely to become bankrupt" if ordered to pay fees sought by defendants pursuant to the Copyright Act of 1976 but noting that "the court is mindful of the likelihood of a significant disparity between the parties' financial circumstances" and ordering plaintiffs to submit proof of financial circumstances within 30 days).

Because neither party has adduced any evidence as to plaintiff's financial ability, plaintiff shall submit an affidavit and other documentation describing his net worth, current salary, other sources of income, and any other financial information he wishes the court to consider regarding his ability to pay attorneys' fees and costs within thirty (30) days of the date of this Order.  Defendants may respond within fourteen (14) days thereafter.  The court reserves judgment on the reasonableness of any fees and costs sought until such papers are filed.  Of course, the parties are free to negotiate and settle this matter in the interim.


  September 19, 2006             /s/Rya W. Zobel
       DATE                      RYA W. ZOBEL
                                 UNITED STATES DISTRICT JUDGE