UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

------------------------------------------------------- X
                                                                                 :

FRANK QUAGLIA,

                                                                                 :

        Plaintiff,

                                                                                 :    Civil Action No. 04-10460-RWZ

        -against-

                                                                                 :    **DEFENDANTS' RESPONSE TO**
                                                                                        **PLAINTIFF'S FINANCIAL STATEMENT**

BRAVO NETWORKS, NATIONAL
BROADCASTING COMPANY, INC., doing  :  **REGARDING HIS ABILITY TO PAY**
business as NBC; RAINBOW                                       **ATTORNEYS' FEES AND COSTS**
PROGRAMMING HOLDINGS, INC., and  :
DOES 1-10,

                                                                                 :

        Defendants.
------------------------------------------------------- X

       Defendants Rainbow Media Holdings LLC, sued as Rainbow Programming Holdings, Inc. ("Rainbow"), National Broadcasting Company, and Bravo Company, sued as Bravo Networks (collectively, "Defendants"), by their undersigned counsel and in accordance with this Court's September 19, 2006 Order, submit their response to Plaintiff Frank Quaglia's ("Plaintiff" or "Mr. Quaglia") financial statement regarding his ability to pay attorneys' fees and costs.

**I.     THE COURT'S SEPTEMBER 19, 2006 ORDER**

       Following this Court's award of summary judgment to Defendants on all counts, Defendants filed a motion for attorneys' fees and costs under Section 505 of the Copyright Act, 17 U.S.C. § 505. By Order dated September 19, 2006 (the "Order"), this Court determined that Defendants are entitled to reasonable attorneys' fees and costs. *See* Order at 3. The Court reserved judgment on the reasonableness of any attorneys' fees and costs pending Plaintiff's submission of evidence regarding his financial ability to pay such fees and costs. *Id.* at 4.

Plaintiff has submitted an affidavit and documentary evidence representing that his current monthly income for his family of five is $3,077. However, glaringly absent from Plaintiff's submission are copies of his federal and state tax returns.

## II. THE COURT SHOULD AWARD DEFENDANTS REASONABLE ATTORNEYS' FEES AND COSTS, BUT SUSPEND ENFORCEMENT OF SUCH AWARD UNTIL PLAINTIFF EARNS SUFFICIENT INCOME.

Although this Court has determined that Defendants are entitled to reasonable attorneys' fees and costs under Section 505 of the Copyright Act, 17 U.S.C. § 505, the decision whether to award such fees and costs is within this Court's equitable discretion. *See Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534 (1994).

As stated in their moving papers, Defendants recognize that they are large corporations and that there is a disparity in the economic wherewithal between the parties, as there frequently is in situations of this kind. Defendants do not wish to be mean spirited. However, Defendants have rights that should not be ignored simply because an unrepentant plaintiff refuses to accept defeat. Nor should Defendants be subjected to meritless litigation or foreclosed from recovering attorneys' fees and costs simply because Plaintiff has nothing to lose. Indeed, Plaintiff has forced Defendants to incur further unnecessary attorneys' fees and cost by pursuing a hopeless appeal of this Court's decision – notwithstanding Rainbow's offer to forego filing a motion for attorneys' fees and costs if Plaintiff agreed not to appeal.

An award of attorneys' fees and costs is particularly appropriate here to deter frivolous litigation not only by other plaintiffs, but also by Mr. Quaglia. *See Diamond Star Bldg. Corp. v. Freed*, 30 F.3d 503, 506 (4th Cir. 1994) (reversing district court's denial of attorneys' fees to prevailing defendant; holding that where copyright infringement claim was objectively unreasonable, goal of deterring frivolous litigation favored award of attorneys' fees to prevailing

2

defendants).  Courts have awarded attorneys' fees to prevailing defendants in circumstances similar to those present here.  *See Little v. Twentieth Century-Fox Film Corp.*, No. 89 Civ. 8526, 1996 WL 18819, at *3 (S.D.N.Y. Jan. 18, 1996) (awarding attorneys' fees to major film studio notwithstanding plaintiffs' pleas that they were "'struggling artists' who are likely to become bankrupt if ordered to pay the attorneys fees and costs sought" by defendant), ) *aff'd*, 100 F.3d 343 (2d Cir. 1996); *Williams v. Crichton*, 891 F. Supp. 120, 121-22 (S.D.N.Y. 1994) (granting defendants' motion for attorneys' fees where defendants included producer/director Steven Spielberg, producer Michael Crichton, Random House, Inc., and Universal City Studios, Inc.).

In view of Plaintiff's limited financial resources, Defendants respectfully request that the Court award Defendants such attorneys' fees and costs as the Court would otherwise deem appropriate if Plaintiff had more ample resources.  However, Defendants would stipulate not to execute on the award until Plaintiff has reached certain income levels.  Specifically, Defendants propose that they be permitted to enforce any award of attorneys' fees and costs against Plaintiff – based upon his individual income (i.e., excluding his wife's disability payments) – as follows:

- if Plaintiff has gross annual income of $50,000, Plaintiff must pay Defendants $1,000;

- for every additional $10,000 of Plaintiff's gross annual income, Plaintiff must pay Defendants an additional $1,000;

- if Plaintiff has gross annual income of $100,000, and for each additional $10,000 of income over $100,000, Plaintiff must pay Defendants an additional $5,000.

Therefore, if Plaintiff had annual gross income of $100,000, he would be obligated to pay Defendants $6,000.  If Plaintiff had annual gross income of $200,000, Plaintiff would be obligated to pay Defendants $60,000.  Defendants further request that Plaintiff be ordered to

3

produce his federal and state tax returns on an annual basis, on or before the last business day of April.

## CONCLUSION

For the reasons set forth above, Defendants respectfully request that the Court award Defendants such attorneys' fees and costs as the Court deems equitable; that enforcement of such award be permitted upon Plaintiff's attaining the income levels set forth above; and that Plaintiff be ordered to provide Defendants with a copy of his tax returns annually, on or before the last business day of April each year.

Respectfully submitted,

| | |
|---|---|
| **BRAVO COMPANY (sued as BRAVO NETWORK) and NBC UNIVERSAL, INC. (formerly known as and sued as NATIONAL BROADCASTING COMPANY, INC.)** | **RAINBOW MEDIA HOLDINGS LLC (sued as RAINBOW PROGRAMMING HOLDINGS, INC.)** |
| By their attorneys**,** | By its attorneys, |
| /s/ Daniel M. Kummer_____ <br> Daniel M. Kummer (admitted *pro hac vice*) <br> NBC UNIVERSAL, INC. <br> 30 Rockefeller Plaza, Rm. 1091E <br> New York, NY 10112 <br> (212) 664-4017 | /s/ Barry I. Slotnick_____ <br> Barry I. Slotnick (Admitted *pro hac vice*) <br> Laura M. Vasey (Admitted *pro hac vice*) <br> **LOEB & LOEB LLP** <br> 345 Park Avenue <br> New York, New York 10154 <br> (212) 407-4000 |

For all Defendants:

/s/ Jonathan M. Albano_____
Jonathan M. Albano, BBO #013850
Serena D. Madar, BBO # 654326
**BINGHAM MCCUTCHEN LLP**
150 Federal Street
Boston, Massachusetts 02110
(617) 951-8000

Dated:  November 2, 2006

## Certificate of Service

I hereby certify that this document, which was filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non registered participants by First Class U.S. Mail on November 2, 2006.

    /s/Jonathan M. Albano
    Jonathan M. Albano

NY537906.2